## PEOPLE v TYLER

Docket No. 126468. Submitted February 19, 1991, at Lansing. Decided March 19, 1991, at 9:10 A.M.

Jerry D. Tyler pled guilty of two counts of second-degree criminal sexual conduct in the Genesee Circuit Court, Philip C. Elliott, J., and was sentenced to concurrent terms of five to fifteen years' imprisonment and ordered to pay restitution to the victim in the amount of $3,000. The defendant appealed.

The Court of Appeals *held:*

The case is reversed and remanded to the trial court for resentencing and a determination of the propriety of the amount of restitution ordered.

1. The court scored fifty points on offense variable 12 for multiple penetrations, raising the recommended minimum-sentence maximum from thirty-six months to sixty months. There was not sufficient evidence of multiple penetrations on the record to support a binding over on the original charge of first-degree criminal sexual conduct. The defendant waived preliminary examination and made no admissions concerning penetration when he pled guilty of second-degree criminal sexual conduct. Moreover, the defendant's objections to the accuracy of statements in the presentence report regarding penetration were not resolved by the court. The court's finding of multiple penetrations appears to have been based solely on the original charge of first-degree criminal sexual conduct. Because the fact that multiple penetrations had occurred was not established by a preponderance of the evidence, there was an insufficient factual basis on the record for the score on offense variable 12 indicating that multiple penetrations had occurred. The defendant is entitled to resentencing either with the presentation of sufficient evidence in support of the score or a corrected score.

2. The court abused its discretion in ordering the defendant to pay an arbitrary amount of $3,000 in restitution to the victim without attempting to ascertain the actual amount of

REFERENCES

Am Jur 2d, Criminal Law §§ 598, 599, 1051, 1052, 1054.
See the Index to Annotations under Mitigation or Aggravation of Punishment; Sentence and Punishment.

the victim's damages. The court, at resentencing, must comply with the procedure set forth in MCL 780.767; MSA 28.1287(767) when determining the amount of restitution to which the victim is entitled.

Reversed and remanded.

1. CRIMINAL LAW — SENTENCES — UNTRIED CHARGES — AGGRAVAT-
   ING FACTORS.

   A trial court may not make an independent finding of a defendant's guilt of one charge and use it as a basis for justifying a sentence for conviction of another; however, a defendant's admission or other record evidence that the defendant committed a greater offense may be considered by the court as an aggravating factor.

2. CRIMINAL LAW — SENTENCES — RESTITUTION — WORDS AND
   PHRASES — VICTIMS.

   A sentencing court, in its discretion, may order a defendant to make restitution to any victim of the defendant's conduct giving rise to the conviction; a victim is a person who suffers direct or threatened physical, financial, or emotional harm as the result of a crime (MCL 780.766[1],[2]; MSA 28.1287[766] [1],[2]).

3. CRIMINAL LAW — SENTENCES — RESTITUTION.

   Where a crime results in physical or psychological injury to a victim, an order of restitution may require the defendant to pay an amount equal to the cost of actual medical and related professional services and devices relating to physical and psychological care, pay an amount equal to the cost of actual physical and occupational therapy and rehabilitation, reimburse the victim or the victim's estate for after-tax income loss suffered by the victim as a result of the offense, or pay an amount equal to the cost of psychological and medical treatment for members of the victim's family which has been incurred as a result of the offense (MCL 780.766[5]; MSA 28.1287[766][5]).

4. CRIMINAL LAW — SENTENCES — RESTITUTION.

   Restitution awarded by a sentencing court is not a substitute for civil damages, but encompasses only those losses which are easily ascertained and measured and are a direct result of a defendant's criminal acts.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Robert E. Weiss,* Prose-

cuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Gladys L. Christopherson,* Assistant Prosecuting Attorney, for the people.

*Neil C. Szabo,* for the defendant.

Before: SAWYER, P.J., and HOOD and MURPHY, JJ.

PER CURIAM. Defendant pled guilty of two counts of second-degree criminal sexual conduct, MCL 750.520c(1)(b)(i); MSA 28.788(3)(1)(b)(i). The trial court sentenced defendant to concurrent prison terms of five to fifteen years and ordered him to pay restitution to the victim in the amount of $3,000. Defendant appeals as of right, contending that the trial court abused its discretion in imposing sentence and ordering restitution. We reverse and remand to the trial court for resentencing and a determination concerning the propriety of the amount of restitution.

Defendant claims that the trial court abused its discretion by imposing five-to-fifteen-year prison terms because it improperly made an independent finding that defendant was guilty of the higher offense of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), with which he was originally charged. We note that the sentences imposed by the trial court are within the range recommended by the sentencing guidelines for second-degree criminal sexual conduct and, therefore, are presumably valid. *People v Milbourn,* 435 Mich 630, 655-658; 461 NW2d 1 (1990); *People v Broden,* 428 Mich 343; 408 NW2d 789 (1987). However, after review of the record, we conclude that defendant is entitled to resentencing.

A trial court may not make an independent finding of a defendant's guilt on another charge

and use it as a basis for justifying a sentence. *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972); *People v Weatherspoon,* 171 Mich App 549, 561; 431 NW2d 75 (1988). Nevertheless, the defendant's admissions or other record evidence that the defendant committed a greater offense may be considered by the court as an aggravating factor. *People v Fleming,* 428 Mich 408, 417-418; 410 NW2d 266 (1987); *Grimmett, supra,* 608. In the present case, the court stated its basis for the sentence as follows:

> Under the Guidelines for criminal sexual conduct in the second degree the minimum term should be at least two years and could be as much as five years. Of course, the maximum term being set by statute at 15 years. There was evidence apparently sufficient to bind the case over on criminal sexual conduct in the first degree because of penetration of the child's vagina with your finger or of her mouth with your penis, or perhaps her vagina with your tongue. If you had been convicted of criminal sexual conduct in the first degree the Guidelines would have required a minimum term of at least eight years and could be as much as 20 years with the possibility of life in prison being also available since that is what criminal sexual conduct in the first degree provides as a maximum.

Accordingly, on the sentencing information report, the court scored fifty points on offense variable 12 for multiple penetrations. This raised the recommended minimum sentence range under the guidelines from zero to thirty-six months to twenty-four to sixty months. Had there been record support for the court's finding that multiple penetrations had occurred, we would be reluctant to interfere with its exercise of its discretion to score the sentencing information report. See *People v McCracken,* 172

Mich App 94, 105; 431 NW2d 840 (1988). However, we have reviewed the record and find no such evidence.

Contrary to the sentencing court's assumption, there was not sufficient evidence on the record to support a binding over on the charge of first-degree criminal sexual conduct because defendant waived preliminary examination. Furthermore, defendant made no admissions concerning penetration when his guilty plea of second-degree criminal sexual conduct was taken. In fact, at his original sentencing, which was adjourned at defendant's request, defense counsel objected to the accuracy of statements in the presentence report concerning penetration. The sentencing court never addressed or resolved these claims. See MCR 6.425(D)(3); *People v Hoyt,* 185 Mich App 531, 533-536; 462 NW2d 793 (1990). Even if we assume that the trial court's remarks at the second sentencing hearing were meant to address defendant's objection, the trial court's finding regarding penetration appears to have been based on the fact that defendant was originally charged with first-degree criminal sexual conduct and the fact that the challenged allegations contained in the presentence report, which, incidentally, was not in the record before this Court. Because the fact that multiple penetrations had occurred was not established by a preponderance of the evidence, there was an insufficient factual basis on the record for a score of fifty on ov 12. *McCracken, supra,* 105-106. Therefore, we conclude that defendant is entitled to resentencing with either sufficient evidence presented to support the scoring or a corrected score.

Defendant also contends that the trial court abused its discretion by ordering him to pay an arbitrary amount of $3,000 in restitution to the

victim without attempting to ascertain the actual amount of the victim's damages. We agree.

MCL 780.766(2); MSA 28.1287(766)(2) gives a sentencing court discretion, in addition to or in lieu of any other penalty authorized or required by law, to order a defendant to make restitution to any victim of the defendant's conduct giving rise to the conviction. A "victim" is an individual who suffers direct or threatened physical, financial, or emotional harm as the result of a crime. MCL 780.766(1); MSA 28.1287(766)(1). MCL 780.766(5); MSA 28.1287(766)(5) provides:

> If a crime results in physical or psychological injury to a victim, the order of restitution may require that the defendant do 1 or more of the following, as applicable:
>
> (a) Pay an amount equal to the cost of actual medical and related professional services and devices relating to physical and psychological care.
>
> (b) Pay an amount equal to the cost of actual physical and occupational therapy and rehabilitation.
>
> (c) Reimburse the victim or the victim's estate for after-tax income loss suffered by the victim as a result of the offense.
>
> (d) Pay an amount equal to the cost of psychological and medical treatment for members of the victim's family which has been incurred as a result of the offense.

Additionally, MCL 780.767; MSA 28.1287(767) sets forth the procedure by which the court determines the appropriate amount of restitution:

> (1) The court, in determining whether to order restitution under section 16 and the amount of that restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources and earning ability

of the defendant, the financial needs of the defendant and the defendant's dependents, and such other factors as the court considers appropriate.

(2) The court may order the probation officer to obtain information pertaining to the factors set forth in subsection (1). The probation officer shall include the information collected in the presentence investigation report or in a separate report, as the court directs.

(3) The court shall disclose to both the defendant and the prosecuting attorney all portions of the presentence or other report pertaining to the matters described in subsection (1).

(4) Any dispute as to the proper amount or type of restitution shall be resolved by the court by a preponderance of the evidence. The burden of demonstrating the earning ability of the defendant and the amount of the loss sustained by a victim as a result of the offense shall be on the prosecuting attorney. The burden of demonstrating the financial resources of the defendant and the financial needs of the defendant and the defendant's dependents shall be on the defendant. The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires.

In the present case, the trial court failed to follow the statutory procedure for determining the amount of restitution to which the victim was entitled. In fact, the trial court appeared to be unaware of its discretion and authority to award restitution. As previously noted, the presentence report was not included in the record, so we have no means of determining whether any information concerning restitution was available to the court. Restitution awarded by a sentencing court is not a substitute for civil damages, but encompasses only those losses which are easily ascertained and measured and are a direct result of a defendant's criminal acts. See *People v Heil,* 79 Mich App 739,

748-749; 262 NW2d 895 (1977). We have no doubt that the victim is entitled to some amount of restitution. However, without any findings concerning the victim's damages, it is impossible to ascertain whether the restitution was ordered for allowable damages. Therefore, the amount defendant was ordered to pay is essentially arbitrary and an abuse of the trial court's discretion. *Id.* At resentencing, we order the trial court to comply with the statutory procedure when determining the amount of restitution to which the victim is entitled.

On the basis of the foregoing, we need not consider defendant's remaining issue.

Reversed and remanded for resentencing. We do not retain jurisdiction.