PEOPLE v AVIGNONE

PEOPLE v PLANTS

Docket No. 140344. Submitted January 13, 1993, at Detroit. Decided March 1, 1993, at 9:45 A.M.

John Avignone and John R. Plants each pleaded nolo contendere in the Recorder's Court for the City of Detroit, Dominick R. Carnovale, J., to one count of conspiracy to defraud by false pretenses and one count of false pretenses. Each was sentenced to four years' probation and five hundred hours of community service, and was ordered to pay $500 a month restitution to the victim. The people appealed alleging that the court failed to order full restitution as contemplated in the plea agreements.

The Court of Appeals *held*:

1. The prosecution waived any claim of error with regard to a failure to order "full" restitution, as contemplated in the plea agreements, by expressly stating that the amount of restitution was within the trial court's discretion.

2. The trial court failed to comply with the statutory guidelines for ordering restitution. The court clearly ordered only partial restitution by both defendants and therefore was obligated by MCL 780.766(3); MSA 28.1287(766)(3) to state on the record its reasons for ordering partial restitution. The fact that civil actions were pending against the defendants was insufficient to justify ordering less than full restitution. The order of restitution must be vacated and the case remanded. On remand, if the court continues to order partial restitution, it must articulate on the record specific and sufficient reasons justifying the decision.

3. Once it became apparent to the court that the parties disputed the amount of restitution, MCL 780.767(4); MSA 28.1287(767)(4) required the court to conduct a formal hearing to determine the earning ability of each defendant, the financial resources of each defendant, the financial needs of each defendant and his dependents, and the amount of loss sustained by the victim. The burden of proving a claim of financial hardship is on the defendant, and the burden of proving damage to the victim and earning capacity of the defendant is on the prosecutor.

Affirmed in part, reversed in part, and remanded.

1. SENTENCES — RESTITUTION.

A court may order restitution to a victim of a defendant's course of conduct that gives rise to the defendant's conviction of a crime; if the court does not order restitution, or orders partial restitution, it must state its reasons on the record (MCL 780.766; MSA 28.1287[766]).

2. SENTENCES — RESTITUTION.

In determining the amount of restitution to be paid by a defendant, a trial court must consider the amount of loss sustained by the victim, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and any other factors that the court deems appropriate; where the parties dispute the amount of restitution to be ordered, the court must conduct a formal hearing to make its determinations; the defendant has the burden of proving financial hardship; the prosecutor has the burden of proving the victim's damages and the defendant's earning capacity (MCL 780.767[1],[4]; MSA 28.1287[767][1],[4]).

3. SENTENCES — RESTITUTION — CIVIL ACTIONS — DAMAGES — SET-OFFS.

In determining the amount of restitution that a defendant must pay to a victim of a crime of which the defendant is convicted, a trial court may consider the fact that a civil action is pending that would accurately determine the amount of the defendant's liability to the victim; the pending litigation alone, however, is insufficient to justify ordering less than full restitution, because any restitution paid would be set off against the amount recovered in the civil action (MCL 780.766[11]; MSA 28.1287[766][11]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *George E. Ward,* Chief Assistant Prosecutor, for the people.

*Pritchard & Thomas, P.C.* (by *Clyde B. Pritchard* and *Edith S. Thomas*), for John Avignone.

*Evans & Luptak* (by *Neil H. Fink* and *David A. Koelzer*), for John Plants.

Before: DOCTOROFF, C.J., and WAHLS and WEAVER, JJ.

DOCTOROFF, C.J. The prosecution appeals defendants' sentences after each pleaded nolo contendere to one count of conspiracy to defraud by false pretenses, MCL 750.157a; MSA 28.354(1), MCL 750.218; MSA 28.415, and one count of false pretenses, MCL 750.218; MSA 28.415. Defendants were sentenced to four years' probation, five hundred hours of community service, and ordered to pay $500 a month restitution to AAA of Michigan. We vacate the restitution order and remand for a hearing at which the court shall take additional evidence regarding what constitutes "full" restitution in this case.

Defendants, former employees of AAA of Michigan, were charged with numerous counts related to obtaining money under false pretenses. Apparently, defendants took substantial amounts of money from AAA and used the money for repairs and improvements on each of their homes. Pursuant to a plea agreement, defendants pleaded nolo contendere to one count of conspiracy to defraud by false pretenses and one count of false pretenses. The agreement also provided that defendants would not receive sentences in excess of the guidelines, that, if probation were ordered, defendants would perform substantial community service, and that defendants would pay "full" restitution to AAA. The prosecution apparently submitted documents to the sentencing court showing that defendant Avignone took $455,502 and that defendant Plants took $109,692. We are unable to substantiate those numbers because the prosecution has failed to include those documents within the record on appeal. However, in the presentence investigation report, the investigator adopted the numbers in the prosecution's sentence memorandum as his recommendation for restitution.

The prosecution first claims that the trial court

abused its sentencing discretion when it deviated from the plea agreement with regard to restitution. Essentially, the prosecutor is arguing that because the agreement provided for "full" restitution, anything less would constitute a deviation from the agreement. Our review of the record, including the individual plea agreements, persuades us that the prosecution waived any claim of error in this regard. At the plea hearing, the prosecutor expressly stated that the amount of restitution was within the court's discretion and that it was not the intent of the agreements to limit the court as long as the order of restitution complied with statutory requirements. Furthermore, both defendants' plea agreements state that the amount of restitution is to be set by the court. We decline to set the order of restitution aside for this reason.

Next, the prosecution argues that the trial court failed to comply with the statutory guidelines for ordering restitution. We agree. Pursuant to MCL 780.766; MSA 28.1287(766), a court is authorized to order restitution to a victim of the defendant's course of conduct that gives rise to the conviction. *People v Orweller,* 197 Mich App 136; 494 NW2d 753 (1992). If the court does not order restitution, or chooses to order partial restitution, it must state its reasons for opting to do so on the record. MCL 780.766(3); MSA 28.1287(766)(3). Moreover, pursuant to MCL 780.767(1); MSA 28.1287(767)(1), in determining the proper amount of restitution, the court *shall* consider the amount of loss sustained by the victim, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and such other factors as the court deems appropriate. *Orweller, supra,* pp 140-141; *People v*

*Tyler,* 188 Mich App 83, 88-89; 468 NW2d 537 (1991).

In this case, it is clear that the court ordered only partial restitution by both defendants. The court found that defendants had bilked AAA out of hundreds of thousands of dollars, yet it only ordered restitution in the amount of $500 a month for the four-year probationary period. Accordingly, the court was obligated to state its reasons for ordering partial restitution on the record. MCL 780.766(3); MSA 28.1287(766)(3). The court stated that it was imposing partial restitution because there were civil actions pending that would accurately determine the amount of defendants' liability to AAA. Although we agree that the pending litigation is certainly a factor to be considered in determining the amount of restitution, we do not believe that the pending litigation alone was a sufficient reason to justify ordering less than full restitution. Inasmuch as any restitution paid by defendants would constitute a setoff against the amount recovered later, the existence of litigation should not automatically preclude an order of full restitution. MCL 780.766(11); MSA 28.1287(766) (11). On remand, if the court continues to impose partial restitution, it shall articulate specific and sufficient reasons for justifying the decision on the record.

Both defendants conceded that some amount of restitution was appropriate, but indicated that they were unable to pay the amounts recommended in the presentence report. Defendant Plants sought to have any restitution order stayed pending the resolution of the civil litigation, while defendant Avignone essentially asked that the litigation be considered in determining the appropriate amount. The prosecution argued that the pending civil litigation should have little or no

effect upon the ultimate order of restitution. Once it became apparent to the court that the parties disputed the amount of restitution that was proper, the provisions of MCL 780.767(4); MSA 28.1287(767)(4) became operative. Under that section, the court is obligated to conduct a hearing to determine the earning ability of the defendant and the amount of loss sustained by the victim. Moreover, the court must take evidence with respect to the financial resources of the defendant and the financial needs of the defendant and the defendant's dependents. *Id.* We believe that when MCL 780.767(4); MSA 28.1287(767)(4) is implicated, the court is obligated to conduct a formal hearing similar to those ordered in *Orweller* and *Tyler.*

In this case, the court failed to take any evidence to determine defendants' earning abilities, their financial resources, and their financial needs. Rather, the court merely set an arbitrary amount of restitution without consideration of the appropriate factors enumerated in the statute. The statute places the burden of proof regarding financial hardship upon the defendant and the burden of proof regarding damage to the victim and the earning capacity of the defendant upon the prosecutor. MCL 780.767(4); MSA 28.1287(767)(4). Although both defendants asserted financial hardship, the record is void of any demonstrative evidence to support those assertions. Defendants failed to turn over evidence of their past earnings, notwithstanding the fact that they had been requested to do so. It is not enough for a defendant or his attorney to claim financial inability to bear the burden of the proposed restitution and hope that the court agrees. Rather, once the amount of restitution is contested, all the parties must submit sufficient evidence to allow the court to make

the requisite findings of fact as enumerated in the statute.

Because we are unable to ascertain what constitutes "full" restitution from the record before us, we vacate the restitution order and remand for an evidentiary hearing to determine that amount. We urge the court to take evidence from all the parties involved and to make specific findings in conformity with the requirements of MCL 780.767; MSA 28.1287(767). We further urge the court to articulate the substance of any evidence, not placed directly on the record, upon which it relies in ordering restitution. If the court determines that partial restitution is justified, it shall state the specific reasons for that determination on the record as required by the statute.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.