PEOPLE v GRANT

Docket No. 170992. Submitted April 21, 1995, at Detroit. Decided May 5, 1995, at 9:25 A.M. Leave to appeal sought.

Dennis J. Grant pleaded guilty in the Kent Circuit Court, George S. Buth, J., of conspiracy to utter and publish and of being an habitual offender, second offense. He was sentenced to five to twenty-one years in prison and ordered to pay restitution. He appealed.

The Court of Appeals *held*:

1. The comments of the defendant's counsel, in which the defendant's inability to pay restitution was not asserted explicitly, were insufficient to require the trial court to conduct an evidentiary hearing regarding the defendant's ability to pay restitution. Because the defendant did not offer evidence to challenge the amount of liability set forth in the presentence investigation report or request a hearing regarding the issue, the trial court was not required to conduct a hearing for the purpose of fulfilling the mandates of MCL 780.767(1); MSA 28.1287(767)(1).

2. Although a hearing was not required, the trial court was required to consider the factors enumerated in MCL 780.767(1); MSA 28.1287(767)(1) in determining whether to order restitution. The order of restitution must be vacated and the matter must be remanded for reconsideration by the trial court.

Vacated and remanded.

SENTENCES — RESTITUTION.

A sentencing court is not required to conduct an evidentiary hearing to determine a defendant's ability to pay restitution where the defendant does not assert inability to pay or request such a hearing, but the court is required to consider the factors enumerated in MCL 780.767(1); MSA 28.1287(767)(1) in determining whether to order restitution.

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Criminal Law §§ 1051-1062.

Measure and elements of restitution to which victim is entitled under state criminal statute. 15 ALR5th 391.

*Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, *Timothy K. McMorrow,* Chief Appellate Attorney, and *T. Lynn Hopkins,* Assistant Prosecuting Attorney, for the people.

*Brian R. Sullivan,* for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and T. G. KAVANAGH* and S. T. DAVIS,** JJ.

MICHAEL J. KELLY, P.J. On September 30, 1993, defendant pleaded guilty of conspiring to utter and publish, MCL 750.249; MSA 28.446, MCL 750.157a; MSA 28.354(1), and of being an habitual offender, second offense, MCL 769.10; MSA 28.1082. In exchange, the prosecutor agreed to dismiss three counts of uttering and publishing and a count of being an habitual offender, fourth offense. There was also an agreement to sentence defendant to a five-year minimum prison sentence and to hold defendant "responsible for restitution as set by the Court." On October 26, 1993, the trial court sentenced defendant to a prison term of five to twenty-one years and held defendant liable for $175,000 restitution. Defendant appeals as of right. We vacate the order of restitution and remand.

Defendant argues that the trial court failed to determine the proper amount of restitution in light of the financial resources and earning ability of defendant and the financial needs of defendant and his family. Defendant charges that this omission was in derogation of MCL 780.767(1); MSA 28.1287(767)(1),[1] which provides:

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

[1] Defendant also relies on MCL 780.766(13); MSA 28.1287(766)(13), which reiterates the requirement that a trial court consider a defendant's ability to pay in determining the amount of restitution. How-

> The court, in determining whether to order restitution under [MCL 780.766; MSA 28.1287(766)] and the amount of that restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and such other factors as the court considers appropriate.

The trial court's only comments with respect to restitution in this case were as follows:

> Further, as a condition of parole, you are responsible for restitution in the approximate amount of $175,000. That may have to be paid jointly and severally with other co-defendants, but I think for the purposes of this sentence we can go with the approximate figure.

The figure of $175,000 came from defendant's presentence investigation report (PSIR), which the trial court indicated it had read. At sentencing, defense counsel's comments regarding the PSIR were as follows:

> With regard to the text of the—or the contents of the report, Mr. Grant would state, as he has all along, that he was not a main player in this matter as the report makes him out to be. Mr. Grant maintains this. He was a ride for which Facilitated [sic] the cashing of several checks, but not merely the amount alleged by the police.
>
> Also, that there were no—there was no evidence of a $175,000 worth of cashed checks. The case against Mr. Grant just simply did not contain that type of evidence.
>
> There were three charges made against him,

---

ever, this subsection was first added to the restitution statute with the enactment of 1993 PA 341. It took effect May 1, 1994, well after the date of defendant's sentencing.

and those were specific instances where he drove a specific woman to the bank to cash a specific check. And Mr. Grant would like the Court to know that those were the instances that he was involved in and only those instances. He was not the brains, as it were, behind this scheme, but simply a ride to the specific bank and/or store where these three checks were cashed.

The only references in the PSIR to the propriety of ordering restitution were a statement that $175,000 in losses had been "verified," a recommendation to impose restitution in this amount, and a comment that it appeared "highly unlikely" that much of this amount would be collected.

Defense counsel's comments were insufficient to require the trial court to conduct an evidentiary hearing. In *People v Music,* 428 Mich 356; 408 NW2d 795 (1987), the Supreme Court addressed the failure to the trial court to hold a hearing regarding the defendant's ability to pay restitution and costs under MCL 771.3(5)(a); MSA 28.1133(5) (a), which applies to probationers. The Court noted that this statute

does not expressly state that a trial court must conduct a hearing to determine whether a defendant has the ability to pay costs. In the absence of a clear statement from the Legislature, the statute is to be given a reasonable interpretation. . . .

* * *

. . . [A] defendant's ability to pay restitution and costs need be determined only when a defendant asserts an inability to make such payments. Likewise, a defendant who does not timely challenge the amount of costs waives the right on appeal to challenge an order for costs that appears on its face to be a reasonable approximation of the costs permitted by MCL 771.3(4); MSA 28.1133(4). [428 Mich 361-363.]

Unlike *People v Avignone,* 198 Mich App 419; 499 NW2d 376 (1993), cited by defendant, defense counsel's comments did not implicate the need for a hearing. In *Avignone,* the defendants clearly indicated that they were unable to pay the amounts of restitution recommended in their PSIRs. One defendant sought to have any restitution order stayed pending the resolution of related civil litigation, and the other essentially asked that the litigation be considered in determining the appropriate amount. *Id.* at 423. Here, defendant never explicitly asserted that he was unable to pay restitution.

Further, with respect to defendant's challenge to the accuracy of the $175,000 figure in the PSIR, defendant did not offer evidence in support of any other figure or request a hearing regarding the issue. Under these circumstances, the trial court was not required to conduct a hearing for the purpose of fulfilling the mandates of MCL 780.767(1); MSA 28.1287(767)(1). Cf. *People v Lawrence,* 206 Mich App 378, 380; 522 NW2d 654 (1994).

Despite the fact that no hearing was required, defendant is correct in asserting that the trial court's determination of restitution fell short of the statutory requirements. At the very least, the court was required to consider the factors enumerated in MCL 780.767(1); MSA 28.1287(767)(1). Such consideration was mandated by statute despite the ambiguity of defendant's objections. See *Avignone, supra* at 422, emphasizing the word "shall" in MCL 780.767(1); MSA 28.1287(767)(1). Here, the trial court apparently gave no consideration to defendant's ability to pay, the financial needs of defendant and his family, or any other nonenumerated but relevant factors, such as defendant's claimed limited role in the offense. Although the

trial court read and was entitled to rely on the PSIR, the PSIR provided only conclusory input regarding these factors. While we do not presume to tell the trial court how to exercise its discretion in considering these factors, we cannot ignore the plain meaning of the statutory language mandating such consideration. See *Avignone, supra* at 424-425 (vacating a restitution order where the trial court had failed to consider the statutorily enumerated factors and urging the trial court to articulate the evidence in support of its order of restitution on remand).

Our holding effectively limits the applicability of the Supreme Court's opinion in *Music, supra,* to the statute at issue in that case. This Court's opinion in *People v Music,* 157 Mich App 375; 403 NW2d 143 (1987), quoted extensively with approval in the Supreme Court opinion, stated that the trial court did not err in failing to hold a hearing *or* to make an express determination regarding the defendant's ability to pay under MCL 771.3(5)(a); MSA 28.1133(5)(a). 157 Mich App 379-380. This holding was based on the language of that statute, which, the Court noted, first provided for the imposition of restitution and costs and then, as an afterthought, provided for the consideration of a probationer's ability to pay in conjunction with enforcement of the order of restitution and costs.[2] *Id.*

---

[2] MCL 771.3(5)(a); MSA 28.1133(5)(a), as it existed at the time of *Music,* provided:

> The court shall not require a probationer to pay restitution or costs unless the probationer is or will be able to pay them during the term of probation. In determining the amount and method of payment of restitution and costs, the court shall take into account the financial resources of the probationer and the nature of the burden that payment of restitution or costs will impose, with due regard to his or her other obligations.

In contrast, the statute here does not make a distinction between imposition and payment of restitution. The factors to be considered by the trial court under MCL 780.767(1); MSA 28.1287(767)(1) are pertinent to the initial decisions whether to impose restitution at all and, if so, how much. The situation is analogous to the distinction between fashioning a defendant's sentence of imprisonment and determining whether to enforce the maximum prison term. In the former case, the trial court is required to consider a number of relevant factors and to articulate its reasons for the sentence imposed. See *People v Harris,* 190 Mich App 652, 668-669; 476 NW2d 767 (1991). We therefore remand for reconsideration of the order of restitution.[3]

The order of restitution is vacated and the matter is remanded for reconsideration by the trial court. We retain jurisdiction.

---

[3] Our holding that a full hearing was not necessary should not be interpreted as a holding that a hearing is unnecessary on remand. If the trial court, upon considering the proper factors for imposing restitution, determines that a hearing is needed because of a lack of evidence or because of a challenge to the evidence and request for a hearing by defendant, it shall hold such a hearing.