PEOPLE v PARTRIDGE

Docket No. 154413. Submitted January 11, 1995, at Grand Rapids. Decided May 26, 1995, at 9:35 A.M.

Carl S. Partridge was convicted by a jury in the Eaton Circuit Court, G. Michael Hocking, J., of arson and was sentenced to imprisonment for six years and eight months to ten years and ordered to pay restitution. The defendant appealed.

The Court of Appeals *held:*

1. There was sufficient evidence to convict the defendant as an aider and abettor. The defendant and the principal offender discussed the arson, the defendant accompanied the principal to a shed where the principal obtained gasoline, the defendant accompanied the principal to the house that was burned, the defendant gave his lighter to the principal for use in setting the fire, and the principal and the defendant congratulated each other after the fire.

2. The defendant's sentence, which is the maximum allowed under *People v Tanner,* 387 Mich 683 (1972), and whose minimum term is almost seven times longer than that recommended by the sentencing guidelines, is disproportionate in light of his minimal involvement in the crime and lack of a history of serious crime. The case must be remanded for resentencing, at which the trial court is to follow the procedures set forth in *People v Grant,* 210 Mich App 467 (1995), in determining the amount of restitution.

Conviction affirmed, sentence vacated, and case remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jeffrey L. Sauter,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

*Raymond G. Buffmyer,* for the defendant on appeal.

Before: MacKENZIE, P.J., and GRIFFIN and NEFF, JJ.

PER CURIAM. Following a jury trial, defendant was convicted of burning real property, MCL 750.73; MSA 28.268. He was sentenced to imprisonment for six years and eight months to ten years, and ordered to pay restitution of $66,029.37. Defendant appeals as of right. We affirm his conviction, but vacate his sentence and remand for resentencing.

Defendant's conviction arises from his participation in the arson of a home that was under construction. On appeal, he contends that the trial court should have granted his motion for a directed verdict because there was insufficient evidence that he aided and abetted Craig Kilbourn, who had started the fire. The claim is without merit.

In reviewing the denial of a motion for a directed verdict, this Court views the evidence in a light most favorable to the prosecution to determine whether the evidence was sufficient to permit a rational factfinder to find the essential elements of the crime proven beyond a reasonable doubt. *People v Herbert,* 444 Mich 466, 473; 511 NW2d 654 (1993). The elements necessary to support a finding that a defendant aided and abetted the commission of a crime are (1) the charged crime was either committed by the defendant or some other person, (2) the defendant gave encouragement or performed acts that aided and assisted the commission of the crime, and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time of giving aid and encouragement. *People v Beard,* 171 Mich App 538, 541-542; 431 NW2d 232 (1988).

In this case, it was stipulated that an arson occurred, and defendant testified that he saw Kilbourn enter the unfinished house with a can of

gasoline. Viewed in a light most favorable to the prosecution, there was evidence that, before the fire, defendant and Kilbourn discussed burning the house for about ten to fifteen minutes and then went to a shed where Kilbourn got a can of gasoline. Defendant next accompanied Kilbourn to the house. There was evidence that defendant gave his lighter to Kilbourn with knowledge that it would be used to set the house on fire. There was also evidence that, after the fire, Kilbourn and defendant congratulated each other with "high fives" and hugs. This evidence was sufficient to establish that defendant aided and abetted Kilbourn in burning the house.

Defendant also contends that his sentence was disproportionate under *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). We agree. Defendant's sentence was the maximum allowed under *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972). His minimum sentence was almost seven times longer than the sentencing guidelines' recommended minimum sentence range of zero to twelve months. It is apparent from the sentencing transcript that the sentence was based as much on the court's general belief that arson is a heinous crime as on the particulars of this offender. Defendant's role in the crime was relatively minor. It is unchallenged that Kilbourn initiated the idea of burning the house, doused it with gasoline, and set the fire. Further, the judge's comments at sentencing suggest that defendant's sentence was based in part on the disruptive effect of defendant's exercise of his right to trial on victim Pamela McNamara, contrary to *People v Mosko,* 190 Mich App 204, 211; 475 NW2d 866 (1991), aff'd on other grounds 441 Mich 496; 495 NW2d 534 (1992). Although the trial judge articulated a number of reasons for imposing the sentence, in light of defendant's lack

of a history of serious crime and the nature of his participation in the offense, we find the sentence to be in violation of the principle of proportionality set forth in *Milbourn*.

Defendant's final claim, that the trial court improperly ordered restitution without considering defendant's ability to pay, is moot in light of our decision to remand for resentencing. Nevertheless, we caution the trial judge to follow the procedures recently set forth by this Court in *People v Grant*, 210 Mich App 467; 534 NW2d 149 (1995), when considering the amount of restitution to be paid by defendant.

Conviction affirmed, sentence vacated, and case remanded for resentencing. We retain no further jurisdiction.