PEOPLE v HART

Docket No. 176892. Submitted June 21, 1995, at Lansing. Decided June 30, 1995, at 9:10 A.M.

David W. Hart pleaded guilty in the Livingston Circuit Court, Daniel A. Burress, J., to a charge of violating the builder's trust fund act, MCL 570.151 *et seq.*; MSA 26.331 *et seq.* The plea was premised on the defendant's right to withdraw his plea if he did not receive a sentence of probation and restitution. The court imposed a term of probation and ordered the defendant to pay restitution. The defendant appealed, alleging that there was no basis in fact to support ordering restitution in the amount determined by the court.

The Court of Appeals *held:*

1. The restitution award was supported adequately by the victim impact statement and the presentence investigation report. The defendant stated that the presentence investigation report was correct, and he did not offer evidence in support of any other figure or request a hearing regarding the issue. The amount the defendant was ordered to pay was in accord with the plea agreement and was not set arbitrarily.

2. Pursuant to MCL 780.766(13), 780.767(1); MSA 28.1287(766)(13), 28.1287(767)(1), a sentencing court must consider the factors listed therein before ordering restitution. Here, the court did consider the factors. The existence of the agreement to pay restitution did not and could not relieve the sentencing court of its duty to consider the enumerated factors. However, the existence of the agreement is a unique "special circumstance" under MCL 780.766(13); MSA 28.1287(766)(13) that the court may consider as establishing a rebuttable presumption that the defendant has determined that he has the ability to pay the amount ordered by the court. Only in circumstances where a defendant has suffered an unanticipated reverse affecting the defendant's financial situation following entry into the agreement would there be adequate justification to relieve the defen-

REFERENCES

Am Jur 2d, Criminal Law § 604.

See ALR Index under Criminal Law; Restitution and Implied Contracts.

dant of the obligation to pay the amount ordered. By entering the agreement, the defendant implicitly agreed that he would pay restitution in an amount accurately determined by the court. Further, both the defendant and the prosecution, again by implication, agreed that by operation of law the various statutory conditions regarding payment would be incorporated into the agreement.

3. A sentencing court is not required to hold an evidentiary hearing regarding the enumerated factors, but must consider the factors in reaching its decision. Here, the court properly considered the statutory factors. The defendant's ambiguous assertions of an inability to pay did not rebut the strong presumption of financial ability created by his entering into a plea agreement to pay restitution.

Affirmed.

1. SENTENCES — RESTITUTION.

A sentencing court is not required to conduct an evidentiary hearing to determine a defendant's ability to pay restitution where the defendant does not assert the inability to pay or request such a hearing, but the court is required to consider the statutory factors applicable to the determination (MCL 780.766[13], 780.767[1]; MSA 28.1287[766][13], 28.1287[767][1]).

2. SENTENCES — RESTITUTION — PLEA AGREEMENTS — ABILITY TO PAY — SPECIAL CIRCUMSTANCES.

A defendant's entering into a plea agreement to pay restitution constitutes a "special circumstance" that has a strong bearing on the defendant's ability to pay restitution; the defendant implicitly agrees that restitution will be paid in an amount accurately determined by the court and, by implication, the defendant and the prosecution agree that by operation of law the various conditions regarding payment found in the restitution statutes are to be incorporated into the agreement; the existence of the agreement does not relieve the court of its duty to consider the statutory factors applicable to the determination regarding the defendant's ability to pay restitution (MCL 780.766[13], 780.767[1]; MSA 28.1287[766][13], 28.1287[767][1]).

3. SENTENCES — RESTITUTION — ABILITY TO PAY — BURDEN OF PROOF.

The financial resources and needs of a defendant and the defendant's dependents must be considered in determining the defendant's ability to pay restitution; the burden of demonstrating those resources and needs is on the defendant (MCL 780.767[4]; MSA 28.1287[767][4]).-

4. Sentences — Restitution — Ability to Pay — Plea Agreements
    — Special Circumstances.

   The existence of a restitution agreement entered into as part of a
   plea agreement is a unique "special circumstance" that a
   sentencing court may consider as establishing a rebuttable
   presumption that the defendant has considered the financial
   situation and has determined that the amount ordered by the
   court can be paid; it is the defendant's responsibility to present
   evidence or circumstances sufficient to rebut the presumption
   created by the agreement to pay restitution; there is adequate
   justification to relieve the defendant of the obligation only in
   circumstances where the defendant has suffered an unantici-
   pated reverse affecting the defendant's financial situation fol-
   lowing entry into the agreement (MCL 780.766[13]; MSA
   28.1287[766][13]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *David L. Morse,* Prosecuting Attorney, and *Daniel J. Garber, Jr.,* Chief Assistant Prosecutor, for the people.

*Brian Lavan & Associates, P.C.* (by *Steven M. Dodge, Brian Lavan,* and *Gerald A. Eidt*), for the defendant on appeal.

Before: SAAD, P.J., and TAYLOR and P. J. CONLIN,* JJ.

TAYLOR, J. Defendant pleaded guilty, pursuant to a plea agreement, to a charge of violating the builder's trust fund act, MCL 570.152; MSA 26.332. The plea was premised upon defendant's right to withdraw his plea if he did not receive a sentence of probation and restitution. In compliance with the agreement, the trial court imposed a three-year term of probation and, pursuant to MCL 780.766; MSA 28.1287(766), ordered defendant to pay restitution of $5,739.54 in equal monthly installments during the term of probation. Defendant appeals his sentence as of right. We affirm.

   * Circuit judge, sitting on the Court of Appeals by assignment.

Relying on *People v Orweller,* 197 Mich App 136, 140-141; 494 NW2d 753 (1992), defendant argues that there was no basis in fact to support ordering restitution in the amount of $5,739.54. This argument misses the point. Unlike the defendant in *Orweller,* defendant in this case specifically agreed to restitution by entering into the plea agreement. The only issue was how much restitution to order and the schedule of payment. As the prosecution correctly argues, the restitution award was supported adequately by the victim impact statement as well as the presentence investigation report. Further, defendant never challenged the accuracy of the presentence investigation report at sentencing, and, in fact, stated that it was correct. Defendant did not offer evidence in support of any other figure or request a hearing regarding the issue. *People v Grant,* 210 Mich App 467; 534 NW2d 149 (1995). Thus, we conclude that the amount defendant was ordered to pay was in accord with the plea agreement and was not set arbitrarily.

Defendant next argues that the trial court erred in ordering him to pay restitution without first having made a determination of his ability to pay pursuant to MCL 780.766; MSA 28.1287(766) and MCL 780.767(1); MSA 28.1287(767)(1). This Court's recent decision in *Grant, supra,* would seem to support defendant's position. In *Grant,* the defendant entered into a sentencing agreement in which he would receive a five-year minimum prison sentence and be held "responsible for restitution as set by the Court." *Id.* at 468. At sentencing, the defendant objected to the $175,000 restitution figure ordered by the court, claiming that it was unsupported by the evidence. The presentence investigation report also stated that it was "highly unlikely" that this amount could be collected from

the defendant. *Id.* at 470. The trial court found those objections to be insufficient to invoke the need for a hearing regarding the defendant's ability to pay and this Court agreed. *Id.* However, this Court went on to hold that, even in the absence of an unambiguous objection on the defendant's part, the trial court is required by statute to consider the factors enumerated in MCL 780.767(1); MSA 28.1287(767)(1). *Id.* at 471.

That subsection provides:

The court, in determining whether to order restitution under [MCL 780.766; MSA 28.1287(766)] and the amount of that restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and such other factors as the court considers appropriate.

Also relevant to this appeal is MCL 780.766(13); MSA 28.1287(766)(13), which reiterates the requirement that a trial court consider a defendant's ability to pay in determining the amount of restitution. *Grant, supra* at 468, n 1. That subsection of the statute provides:

In determining the amount of restitution, the court shall consider the defendant's earning ability, financial resources, and any other special circumstances that may have a bearing on the defendant's ability to pay.

Pursuant to both the clear statutory language and the holding in *Grant,* the court must consider the enumerated factors before ordering restitution. This case, however, is factually distinguishable from *Grant* in that the court did consider the enumerated factors.

Initially, we note that defendant's agreement to pay restitution constitutes a "special circumstance" that has a strong bearing on his ability to pay. MCL 780.766(13); MSA 28.1287(766)(13). By entering into the plea agreement, defendant implicitly agreed that he would pay restitution in an amount accurately determined by the court. Further, both defendant and the prosecutor, again by implication, agreed that by operation of law the various conditions regarding payment found in the restitution statute would be incorporated into the agreement. This is merely to say that the restitution agreement cannot be construed as establishing a waiver of the right to have a court review such things as ability to pay and resources.[1] Accordingly, the existence of the restitution agreement did not and could not relieve the court of its duty to consider the factors enumerated in MCL 780.766(13); MSA 28.1287(766)(13) and MCL 780.767(1); MSA 28.1287(767)(1).

Nevertheless, the existence of a restitution agreement is a unique "special circumstance" that the court reasonably can consider as establishing a rebuttable presumption that a defendant has considered his own financial situation and has determined that he has or will have the ability to pay the amount ordered by the court. Indeed, only in circumstances where a defendant has suffered an unanticipated reverse affecting his financial situa-

[1] It is a well-settled legal principle that

the laws which subsist at the time and place of the making of a contract . . . enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. This principle embraces alike those which affect its validity, construction, discharge, and enforcement. [*United States, ex rel Von Hoffman v City of Quincy*, 71 US 535, 550; 18 L Ed 403 (1867).]

See, also, *Davis v Nat'l American Ins Co*, 78 Mich App 225; 259 NW2d 433 (1977).

tion following entry into the agreement would there be adequate justification to relieve him of his obligation. To hold otherwise, of course, would be to encourage advantage taking by restitution-seeking defendants.

Pursuant to MCL 780.767(4); MSA 28.1287(767) (4), the burden of demonstrating the financial resources and needs of the defendant and the defendant's dependents is on the defendant. It is also the defendant's responsibility in these situations to present evidence or circumstances sufficient to rebut the presumption created by the defendant's agreement to pay restitution. However, it is important to note here that neither the statute nor *Grant* requires the court to hold an evidentiary hearing regarding the enumerated factors; rather, the court merely must consider those factors in reaching its decision.

In *Grant,* a remand for reconsideration of the order of restitution was required because the court did not consider the enumerated factors. In this case, the court did consider the enumerated factors and essentially found nothing to overcome the presumption created by defendant's plea agreement. Specifically, the court considered the fact that defendant had been able to make restitution in an unrelated case and the fact that defendant planned to petition the court to transfer his probation to Florida in order to seek employment in that state. According to the presentence investigation report, defendant has earning ability in that he possesses carpentry and construction skills that would aid him in his search for employment either in Michigan or in Florida. The report further indicated that, although defendant has a daughter, he has not seen her since she was three years old and apparently has no financial responsibility with regard to her support. Accordingly, we conclude

that the trial court properly considered the express and implied terms of defendant's restitution agreement, including, of course, his earning ability and financial resources and the financial needs of defendant and defendant's dependents. In short, defendant's ambiguous assertions of an inability to pay did not rebut the strong presumption of financial ability created by his entering a plea agreement to pay restitution.

The court, by fixing a lenient repayment schedule that allowed for the full payment during the period of probation, operated consistently with the agreement that defendant entered into. If defendant was unhappy with his plea bargain, his remedy was to move to withdraw his plea. This he did not do and, indeed, even at this point does not seek to do. Accordingly, he is bound by the agreement and his claim is without merit.

Affirmed.