PEOPLE v LAW

Docket No. 178373. Submitted November 14, 1996, at Detroit. Decided
May 23, 1997, at 9:00 A.M. Leave to appeal sought.

Patrick J. Law pleaded guilty in the Oakland Circuit Court, Steven N.
Andrews, J., of desertion and abandonment, after admitting that he
failed to provide child support for one of his two minor children
from January 1, 1990, through July 27, 1992. The court sentenced
the defendant to two to three years' imprisonment and ordered him
to pay restitution of $89,083.91 plus interest on the child support
that came due after July 6, 1987. The amount represented the child
support owed by the defendant from 1979 to the time of the order
with regard to both of his children and the unpaid medical
expenses of one of the children. The defendant appealed.

The Court of Appeals *held*:

1. The prosecutor established criminal liability for the arrearage
beyond the period from January 1, 1990, through July 27, 1992. The
unpaid child support and medical expenses were attributable to the
defendant's course of conduct of neglecting his children, and the
losses were a direct result of the defendant's criminal act of aban-
doning his children. The trial court properly ordered the defendant
to pay the back child support and the unpaid medical bills.

2. The trial court properly determined that because the defend-
ant did not assert an inability to pay restitution, an evidentiary
hearing to determine the defendant's ability to pay restitution was
not required.

3. The trial court erred in failing to address the statutory factors
before ordering restitution. The order of restitution must be
vacated and the matter must be remanded to the trial court to
allow it to address the statutory factors before ordering restitution.
Although a full hearing is not necessary, the court shall hold one if,
upon considering the statutory factors, the court finds that a hear-
ing is needed because of a lack of evidence.

4. The trial court was authorized to order restitution under the
Crime Victim's Rights Act, MCL 780.751 *et seq.*; MSA 28.1287(751) *et
seq.*, for the defendant's course of conduct in neglecting his chil-
dren. Although the act does not apply to crimes that occurred

before October 9, 1985, the charged crime in this case occurred after that date.

5. The trial court erred in ordering the defendant to pay interest on the restitution award. The criminal statute involved in this case, the Crime Victim's Rights Act, does not provide for the imposition of interest on a restitution amount.

Affirmed in part, reversed in part, vacated in part, and remanded.

1. SENTENCES — RESTITUTION.

The restitution provisions of the Crime Victim's Rights Act allow the trial court to impose an order requiring the defendant to pay restitution for losses attributable to the defendant's entire course of conduct that gave rise to the defendant's conviction (MCL 780.766[13], 780.767[1]; MSA 28.1287[766][13], 28.1287[767][1]).

2. SENTENCES — RESTITUTION.

A sentencing court is not required to conduct an evidentiary hearing to determine a defendant's ability to pay restitution where the defendant does not assert inability to pay or request such a hearing, but the court is required to consider the factors enumerated in MCL 780.766(13), 780.767(1); MSA 28.1287(766)(13), 28.1287(767)(1) in determining whether to order restitution.

3. SENTENCES — RESTITUTION.

The Crime Victim's Rights Act applies to crimes that occur after October 9, 1985; the restitution provisions of the act may be applied to a defendant's entire course of conduct that gave rise to a conviction for a crime that occurred after October 9, 1985, even though some of the course of conduct occurred before October 9, 1985 (MCL 780.766[13], 780.767[1]; MSA 28.1287[766][13], 28.1287[767][1]).

4. SENTENCES — RESTITUTION — INTEREST ON AWARD.

The Crime Victim's Rights Act does not provide for the imposition of interest on a restitution award under the act (MCL 780.751 *et seq.*; MSA 28.1287[751] *et seq.*).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Richard Thompson*, Prosecuting Attorney, *Joyce F. Todd*, Chief, Appellate Division, and *Marilyn J. Day*, Assistant Prosecuting Attorney, for the people.

*Kent B. Willis*, for the defendant.

Before: MARILYN KELLY, P.J., and JANSEN and M. WAR-
SHAWSKY*, JJ.

MARILYN KELLY, P.J. Defendant pleaded guilty to
desertion and abandonment. MCL 750.161; MSA
28.358. He admitted that he failed to provide support
for his minor child, Christine, from January 1, 1990
through July 27, 1992. The trial court sentenced
defendant to two to three years' imprisonment and
ordered him to pay restitution in the amount of
$89,083.91 plus interest.

Defendant appeals as of right from the order of res-
titution, arguing that the trial court abused its discre-
tion in requiring him to pay for losses not proven to
result from his criminal behavior. He asserts that the
court erred in ordering restitution without consider-
ing his ability to pay. He argues that no authority
exists for restitution of child support accruing before
the effective date of the Crime Victim's Rights Act,
MCL 780.751 *et seq.*; MSA 28.1287(751) *et seq.* Finally,
he alleges that the court abused its discretion in
ordering him to pay interest as part of the restitution
order. We affirm in part, reverse in part and remand.

I

Jacqueline Ernest and defendant were divorced on
May 14, 1979. The judgment required defendant to
pay $43 per child per week to support his two chil-
dren. However, defendant paid no child support. He
also failed to pay a $41,732.34 medical bill that Chris-
tine incurred when critically injured in a car accident
at age fifteen. He neglected to provide medical insur-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ance for the children as obligated by the judgment of divorce.

At the restitution hearing, the prosecutor argued that defendant should pay $140,706.33. That figure included (1) the total child support owed from 1979 to the present, (2) interest on that amount, (3) Christine's outstanding medical bill, and (4) future medical expenses for Christine, who needed additional surgical operations due to the car accident. The trial court ordered defendant to pay $89,083.91 plus interest on child support that came due after July 6, 1987. The court did not order defendant to pay future medical expenses, as they could not be readily ascertained.

II

Defendant argues that the restitution order should be vacated, because the prosecutor failed to establish criminal liability for the arrearage beyond the period from January 1, 1990 to July 27, 1992. We disagree.

The order of restitution in this case arises under sections 16 and 17 of the Crime Victim's Rights Act. MCL 780.766; MSA 28.1287(766) and MCL 780.767; MSA 28.1287(767); *People v White*, 212 Mich App 298, 315; 536 NW2d 876 (1995). Section 16 states in pertinent part:

> (2) Except as provided in this section and section 17 [MCL 780.767; MSA 28.1287(767)], the court, when sentencing a defendant convicted of a crime, shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full or partial restitution to any victim of the defendant's course of conduct that gives rise to the conviction, or to the victim's estate. [MCL 780.766; MSA 28.1287(766)].

In interpreting the act, this Court declined a request to construe the statute narrowly to allow restitution only for losses caused by the specific conduct that was the basis of defendant's conviction. *People v Persails*, 192 Mich App 380; 481 NW2d 747 (1991). *Persails* required the defendant to pay restitution for uncharged malicious destruction of property offenses. The Court reasoned that, but for defendant's plea, the prosecution would have charged defendant with and secured a conviction for the property destruction. *Id.* at 383.

We have also stated that restitution is not a substitute for civil damages, but encompasses only those losses that are easily ascertained and are a direct result of a defendant's criminal conduct. *People v Orweller*, 197 Mich App 136, 140; 494 NW2d 753 (1992); *People v Tyler*, 188 Mich App 83, 89; 468 NW2d 537 (1991).

In the case before us, we agree with the trial court that the unpaid child support and medical expenses were attributable to defendant's course of conduct of neglecting his children. *Persails, supra.* Moreover the expenses were easily ascertainable. *Tyler, supra.* Documentation was submitted to the trial court during the restitution hearing verifying the amounts owed. Finally, the losses were the direct result of defendant's criminal act of abandoning his children. *Id.* Therefore, we find that the trial court did not abuse its discretion by ordering defendant to pay the back child support and Christine's unpaid medical bills.

III

Defendant also argues that the trial court erred by imposing restitution without making the required statutory findings or determining whether he had the financial resources to pay. During the restitution hearing, the court stated that it was not necessary to inquire into defendant's ability to pay restitution, because defendant did not claim a lack of resources. We agree with defendant that the trial court failed to follow the statutory guidelines before ordering restitution.

MCL 780.767(1); MSA 28.1287(767)(1) provides:

> The court, in determining whether to order restitution under [MCL 780.766; MSA 28.1287(766)] and the amount of that restitution, shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and such other factors as the court considers appropriate.

Furthermore, MCL 780.766(13); MSA 28.1287(766)(13) provides:

> In determining the amount of restitution, the court shall consider the defendant's earning ability, financial resources, and any other special circumstances that may have a bearing on the defendant's ability to pay.

Our Court has recently clarified that a hearing on a defendant's ability to pay restitution need be held only if the defendant asserts an inability to pay. *People v Grant*, 210 Mich App 467, 472-473; 534 NW2d 149 (1995), lv gtd 450 Mich 964 (1996). However, even where an evidentiary hearing on the subject is not required, pursuant to the statutory language, the trial court must consider the enumerated factors in the

Crime Victim's Rights Act before ordering restitution. *People v Hart*, 211 Mich App 703, 707; 536 NW2d 605 (1995); *Grant, supra.*

Here, we agree with the trial court that an evidentiary hearing to determine defendant's ability to make restitution was not required. Defendant did not assert an inability. Rather, he argued that the prosecutor should have to prove that he had the ability to pay for the period preceding January, 1990, before restitution could be ordered for that time period. The two arguments are not the same. Because defendant never asserted an inability to pay restitution, no hearing on that subject was required. *Grant, supra.*

However, we agree with defendant that the trial court failed to properly address the statutory factors before ordering restitution. The trial court first asserted that it need not consider defendant's ability to pay. Later, it stated:

> Neither party addressed defendant's financial situation. Defendant testified that he had been employed since 1991 but offered no further information. The presentence report indicates that defendant has consistently maintained employment since 1983, earning anywhere from $7 to $9 an hour, and that prior to returning to Michigan to face the present charge, he was earning $9 an hour, which translates to $18,720 a year. Given defendant's income plus the fact that he clearly had the ability to pay the child support ordered by the court and willfully refused to do so, the Court finds that defendant repay the full amount of restitution attributable to his conduct.

It is unclear whether the trial court actually considered defendant's current ability to pay the full restitution amount. The court initially stated it did not have to consider defendant's financial ability Then it

seemed to partially address it, finding that there was little information before it. However, the fact that defendant had the ability to pay child support from 1979 until January 1, 1990, does not mean that he had the financial resources to pay at the time of the hearing. Therefore, we vacate the restitution order and remand to the trial court to address the statutory factors before ordering restitution. A full hearing is not necessary. If upon considering the proper factors for imposing restitution, however, the trial court determines that a hearing is needed due to a lack of evidence, it shall hold a hearing. *Grant, supra* at 473, n 3.

IV

Next, defendant argues that the trial court lacked the authority to order restitution under the Crime Victim's Rights Act for any period falling before the effective date of the act.

Generally, statutory amendments are presumed to operate prospectively, unless either they are procedural or the Legislature indicates an intent to give them retroactive effect. *Detroit v Walker*, 445 Mich 682, 704; 520 NW2d 135 (1994); *People v Russo*, 439 Mich 584, 594; 487 NW2d 698 (1992). A law may not apply retroactively if it abrogates or impairs vested rights or creates new obligations. *In re Certified Questions (Karl v Bryant Air Conditioning Co)*, 416 Mich 558, 572; 331 NW2d 456 (1982).

In this case, both §§ 16 and 17 of the Crime Victim's Rights Act were enacted as part of 1985 PA 87, effective October 9, 1985. Although the Crime Victim's Rights Act does not apply to crimes occurring before October 9, 1985, the charged crime in this case

occurred after the statute's effective date. Therefore, the trial court could award restitution for the defendant's course of conduct in neglecting his children.

V

Finally, we agree with defendant that the trial court erred in ordering that defendant pay interest on the restitution award.

In awarding interest on the unpaid child support and medical expenses, the trial court relied on *Langford v Langford*, 196 Mich App 297; 492 NW2d 524 (1992). In *Langford*, this Court held that, under MCL 552.603; MSA 25.164(3) and MCL 600.6013(1); MSA 27A.6013(1), statutory interest must be added to child support arrearage orders entered after July 6, 1987. While interest is allowed on a money judgment recovered in a civil action, the instant case involves restitution under a criminal statute: the Crime Victim's Rights Act. There is no provision in the act for the imposition of interest on a restitution amount. Moreover, restitution is not a substitute for civil damages. *Tyler, supra*. Accordingly, interest on the restitution amount should not be ordered on remand.

We vacate the restitution order and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.