LANGLEY *v.* KIRKER.

1. VENDOR AND PURCHASER—DEFAULT—VENDEES RESPONSIBLE FOR VENDORS' DEFAULT MAY NOT COMPLAIN THEREOF.

> The rule that vendor is not entitled to forfeit land contract when he is in no position to perform by making conveyance in accordance with terms of contract was adopted for protection of vendee, and may not be invoked when vendees are responsible for vendors' default, had ample opportunity under contract to protect themselves, have shown no injury to themselves, and have not shown that vendors when honestly and fairly called upon cannot make title.

2. SAME—VENDEES CONSENTING TO MORTGAGE MAY NOT COMPLAIN THEREOF.

> ,Where vendees consented to execution of mortgage by vendors they cannot complain, on forfeiture of land contract, that it violates contract, especially where it was executed before contract and would not be controlled by provisions applicable only to subsequent mortgages.

3. SAME—VENDEES NOT RELIEVED FROM PAYMENT BECAUSE OF MORTGAGE PROVIDED FOR IN CONTRACT.

> Where land contract provides that vendors may mortgage premises and that vendees shall make payments during mortgage period, vendees are not relieved from payment by lone fact that property is mortgaged.

4. Appeal and Error—Sufficiency of Forfeiture Notice Not Considered Where Not Raised on Trial.

    Question of insufficiency of notice of forfeiture, not raised in circuit court, will not be considered by Supreme Court to reverse judgment.

Error to Oakland; Doty (Frank L.), J. Submitted June 7, 1929. (Docket No. 97, Calendar No. 34,217.) Decided June 20, 1929.

Summary proceedings by Frank Langley and another against John G. Kirker and another to recover possession of land. From a judgment for plaintiffs, defendants bring error. Affirmed.

*Hollis C. Martin,* for plaintiffs.

*George A. Cram,* for defendants.

Fead, J. This is review of a judgment of restitution in summary proceedings in which $1,152.75 was found due on land contract, $825 representing principal and the balance taxes and interest. The land contract was dated April 9, 1927, and the consideration was $24,500. The contract provided for payment in full within two years and for warranty deed conveying marketable title free from incumbrances on full payment. However, it permitted vendors to mortgage the premises for not more than 50 per cent. of the purchase price paid and to be paid under the contract, the mortgages to be payable in not less than three nor more than five years, required plaintiffs to make prompt payment of interest and principal on mortgages existing at the date of the contract or thereafter executed, stated that, in default of such payment by plaintiffs, defendants could pay the amounts due and credit them on their matured

or first maturing contract installments, that purchasers could mortgage the premises if necessary to discharge such mortgages given by plaintiffs, and also provided that when the unpaid contract amount had been reduced to that of the outstanding mortgages, plaintiffs should execute to defendants a proper deed with a covenant by defendants to assume and pay the mortgages.

On April 8, 1927, plaintiffs executed a mortgage for $10,000, payable in installments within five years. On April 9th they executed another mortgage for $2,000, payable in two and one-half years. These mortgages preceded execution of the contract and were not only known to the defendants when they took the contract but they were negotiated with the consent and for the accommodation of the defendants, to enable them to sooner obtain a deed.

On July 23, 1928, plaintiffs served notice of forfeiture by registered mail. When these proceedings were commenced, there were no delinquent principal sums on the mortgages, but plaintiffs owed $125 interest, due on the larger one in April, 1928. Their delinquency was caused, principally, by defendants' failure to make payments, defendants being in default when the interest became due. The mortgage contains an acceleration clause, but there was no evidence that the mortgagee had attempted or intended to enforce it.

Invoking the rule that a vendor is not entitled to forfeit a land contract when he himself is in no position to perform by making conveyance in accordance with the terms of the contract, defendants claim three breaches by plaintiffs: (1) Default in payment of interest, by which the mortgagee may declare the acceleration clause effective. (2) Executing a two and one-half year mortgage on the prem-

ises. (3) Incumbrance of title by two mortgages so that plaintiffs cannot deliver marketable title free from incumbrances.

The rule invoked was adopted for the protection of the vendee and is not to be converted into a means of unfairly retaining possession and escaping payment.

The court found that defendants did not act and are not claiming in good faith in an honest effort to meet their obligations and to protect their legitimate interests. They did not refuse payment because the interest was delinquent. On the contrary, they became in default before the interest was due. The amount is negligible, and became delinquent because defendants did not make their payments. The contract afforded them adequate security from loss through their right to pay the interest and credit it on the contract. The defendants cannot take advantage of a slight default by plaintiffs when they, defendants, were responsible for the default and had ample opportunity under the contract to protect themselves. They have shown no injury to themselves from nonpayment of the interest, nor that plaintiffs, when honestly and fairly called upon, cannot make title. The rule invoked is not applicable.

Defendants consented to the execution of the two and one-half year mortgage and cannot now claim that it violates the contract. See *Hyman* v. *Boyle,* 239 Mich. 357. Moreover, the mortgage was executed before the contract and would not be controlled by provisions applicable only to subsequent mortgages.

Aside from the question of estoppel (*Daly* v. *Kramer,* 235 Mich. 581), where the contract provides that vendor may mortgage the premises and that vendee shall make payments during the mortgage

period, it is self-evident that vendee is not relieved from payment by the lone fact that the property is mortgaged.

Defendants' contention that the notice of forfeiture was insufficient was not suggested to the circuit court in any way. Patiently, we again call attention to the rule that such points not raised in the circuit court will not be here considered to reverse a judgment.

Judgment is affirmed, with costs.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.