PEOPLE v LAW

Docket No. 109763. Argued November 9, 1998 (Calendar No. 6). Decided April 8, 1999.

Patrick J. Law pleaded guilty in the Oakland Circuit Court, Steven N. Andrews, J., of desertion and abandonment and admitted failing to pay child support. The court sentenced him to two to three years in prison and ordered him to pay restitution under the Crime Victim's Rights Act, including, on the basis of *Langford v Langford*, 196 Mich App 297 (1992), interest on arrearage that came due after July 6, 1987. The Court of Appeals, MARILYN KELLY, P.J., and JANSEN and M. WARSHAWSKY, JJ., vacated the restitution order and remanded, reasoning that the act does not authorize the imposition of interest and that the trial court's reliance on *Langford* was mistaken because *Langford* only concerned civil damages. Further, relying on *People v Grant*, 210 Mich App 467 (1995), the Court found that the trial court did not properly address the factors related to defendant's financial situation as required by the act. 223 Mich App 585 (1997) (Docket No. 178373). The people appeal.

In an opinion by Justice TAYLOR, joined by Chief Justice WEAVER, and Justices BRICKLEY, CORRIGAN, and YOUNG, the Supreme Court *held*:

A court has the authority to award interest on unpaid support under the Crime Victim's Rights Act.

1. The Crime Victim's Rights Act in effect at the time of the defendant's sentencing provided that when sentencing a defendant convicted of a crime, the court must order that the defendant make full or partial restitution to any victim of the defendant's course of conduct. In determining the amount of restitution, the court must consider the amount of the loss sustained by any victim as a result of the offense. Because a monetary loss includes the use value of money, i.e., interest, the act's focus on the loss sustained by the victim indicates that interest is a legitimate element of monetary restitution under it. In addition, the term "restitution" is understood in Michigan case law to include interest.

2. Foregone interest is one aspect of the victim's actual loss, and the court first must determine and add it to the underlying amount to establish the corpus of the restitution. Only at that point, assum-

ing the version of the CVRA in effect at the time of sentencing allowed it, could the court consider the factors the Legislature articulated to determine if a reduction of the restitution amount is appropriate.

3. In this case, it is necessary to calculate the corpus for two periods. During the first, May 14, 1979, to July 6, 1987, the Legislature had not spoken regarding the support arrearage interest, and thus a reasonable interest rate was discretionary with the court. In addition, the trial judge also had discretion to determine, using the factors in the statute, whether restitution should be full or partial. The trial court erred in not ordering interest for this period on the ground that the trial judge in defendant's divorce action had not awarded interest on defendant's support order because it had authority to award interest under the CVRA, regardless of whether the judge in defendant's divorce action ordered interest.

4. During the second, July 6, 1987, to July 19, 1994, the Legislature had fixed the interest rate in cases such as this by statute, making interest on support arrearages mandatory. However, although the trial judge specifically stated that he was ordering full restitution, the amount on which he based his decision included not only the correctly calculated amount of unpaid support plus interest from the second period, but also the incorrectly calculated amount from the first period, requiring remand to the trial court for a recalculation of the restitution order.

Affirmed in part, reversed in part, and remanded.

Justice CAVANAGH concurred in the result only.

Justice KELLY took no part in the decision of this case.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *David Gorcyca*, Prosecuting Attorney, *Marilyn J. Day*, Assistant Prosecuting Attorney, and *Daniel Lemisch*, Chief, Appellate Division, for the people.

TAYLOR, J. We granted leave in this case to determine whether the trial court had authority to award interest on unpaid support as part of restitution pursuant to the Crime Victim's Rights Act, MCL 780.751 *et seq.*; MSA 28.1287(751) *et seq.*

We hold that a court does have the authority to award interest under the CVRA, and thus we vacate the

restitution order and remand this case to the trial court for further proceedings consistent with this opinion.

## I. FACTS AND PROCEEDINGS

Defendant, Patrick Law, pleaded guilty of desertion and abandonment,[1] admitting that he failed to pay support for his minor child from January 1, 1990, through July 27, 1992. The trial court sentenced defendant to two to three years in prison and ordered him to pay restitution under the Crime Victim's Rights Act. At an evidentiary hearing to determine the amount of restitution, it was established that, pursuant to defendant's divorce judgment of May 14, 1979, defendant was to pay $43 a week in child support plus all his children's necessary hospital and other associated medical costs.[2] The court found that defendant had never paid any child support and had failed to pay $41,732.34 in medical costs arising out of injuries suffered by his daughter in an automobile accident.

On September 28, 1994, the judge ordered restitution equal to the amount of (1) unpaid weekly child support from the May 14, 1979, date of divorce to the July 19, 1994, date of sentencing, (2) the unpaid medical costs,[3] and (3) interest on these amounts that

---

[1]  MCL 750.161; MSA 28.358.

[2]  Under MCL 552.602; MSA 25.164(2),support is defined as both the amount of the child support and the amount of the medical bills ordered to be paid.

[3]  Total unpaid child support plus unpaid medical costs came to $89,083.91.

came due after July 6, 1987.[4]

Defendant appealed in the Court of Appeals, which agreed with defendant that the trial court erred in ordering him to pay interest on the restitution award. 223 Mich App 585, 593; 568 NW2d 90 (1997). The Court of Appeals reasoned that the CVRA does not authorize the imposition of interest and that the trial court's reliance on *Langford v Langford*, 196 Mich App 297; 492 NW2d 524 (1992), was mistaken because *Langford* only concerned civil damages and the instant case involved restitution under a criminal statute. In addition, the Court of Appeals, relying primarily on its opinion in *People v Grant*, 210 Mich App 467; 534 NW2d 149 (1995), rev'd 455 Mich 221, 233; 565 NW2d 389 (1997), found that the trial court did not properly address the factors related to defendant's financial situation as required by the CVRA, and thus remanded the case to the trial court on this ground.[5]

---

[4] For the period from May 14, 1979, to July 6, 1987, the trial court did not award interest because the judge reasoned that interest for this period should not be included in the amount of restitution because before July 6, 1987, interest on an arrearage in a divorce action was left to the discretion of the trial judge, and the trial judge in defendant's divorce action had not ordered defendant to pay interest.

July 6, 1987 was apparently a referent for the judge because of his reading of *Langford v Langford*, 196 Mich App 297; 492 NW2d 524 (1992). In *Langford*, the Court of Appeals held that the plain language of an amendment to the Support and Visitation Enforcement Act (SVA), MCL 552.601 *et seq.*; MSA 25.164(1) *et seq.*, effective July 6, 1987, meant that the arrearage on a support order is a judgment amount from the date that the amount falls due, and interest is to run on that amount as it would any other civil judgment under § 6013 of the Revised Judicature Act, MCL 600.6013; MSA 27A.6013.

[5] At the time of defendant's sentencing, the CVRA stated that "[t]he court . . . shall consider the amount of the loss sustained by any victim as a result of the offense, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's depen-

Plaintiff appealed to this Court, and we granted leave in order to determine whether the trial court had the authority to award interest on the unpaid support as part of restitution pursuant to the CVRA. 457 Mich 853 (1998).

## II. STANDARD OF REVIEW

In deciding this issue, we must interpret the CVRA. An issue of statutory interpretation is a question of law subject to de novo review. *People v Webb*, 458 Mich 265, 274-275; 580 NW2d 884 (1998).

## III. DISCUSSION

### A

The trial judge ordered defendant to pay restitution pursuant to subsection 16(2) of the CVRA that at the time of defendant's sentencing stated "the court, when sentencing a defendant convicted of a crime, shall order . . . that the defendant make full or partial restitution to any victim of the defendant's course of conduct . . . ." 1993 PA 341.[6] Section 17 of the

---

dents, and such other factors as the court considers appropriate." 1985 PA 87, MCL 780.767(1); MSA 28.1287(767)(1).

[6] We note that restitution is also one of the rights accorded to crime victims under the Michigan Constitution:

(1) Crime victims, as defined by law, shall have the following rights, as provided by law:

The right to be treated with fairness and respect for their dignity and privacy throughout the criminal justice process.

The right to timely disposition of the case following arrest of the accused.

The right to be reasonably protected from the accused throughout the criminal justice process.

CVRA states that "[i]n determining the amount of restitution to order under section 16, the court shall consider the amount of the loss sustained by any victim as a result of the offense." MCL 780.767(1); MSA 28.1287(767)(1). Thus, this case turns on whether the amount of the loss sustained by the victim includes interest.

The quoted language of § 17 requires a court to focus on the loss sustained by the victim. This Court has held in the past that "money has a 'use value' and interest is a legitimate element of damages" used to compensate a party for the lost use of its funds. *Gordon Sel-Way Inc v Spence Bros, Inc*, 438 Mich 488, 499; 475 NW2d 704 (1991).[7] This situation is not distinguishable, and, accordingly, because a monetary loss includes the use value of money, i.e., interest, § 17's focus on "the loss sustained by any victim" indicates that interest is a legitimate element of monetary restitution under the CVRA.

---

The right to notification of court proceedings.

The right to attend trial and all other court proceedings the accused has the right to attend.

The right to confer with the prosecution.

The right to make a statement to the court at sentencing.

*The right to restitution.*

The right to information about the conviction, sentence, imprisonment, and release of the accused.

(2) The legislature may provide by law for the enforcement of this section.

(3) The legislature may provide for an assessment against convicted defendants to pay for crime victims' rights. [Const 1963, art 1, § 24 (emphasis added).]

[7] See also *Currie v Fiting*, 375 Mich 440, 454; 134 NW2d 611 (1965) (stating that interest is allowable as an element of damages to ensure a full award of damages); *Banish v Hamtramck*, 9 Mich App 381, 398-400; 157 NW2d 445 (1968) (reviewing the history of awarding prejudgment interest and noting that the pivotal factor in awarding common-law interest is whether it is necessary to allow full compensation).

Moreover, in addition to the language of § 17, the Legislature's use of a legally understood term such as "restitution" bears on whether interest is allowed.[8] The term restitution is understood in Michigan to include interest, and this can be seen in *Langley v Kirker*, 247 Mich 443; 225 NW 931 (1929), and *Grievance Administrator v Floyd*, 447 Mich 422; 523 NW2d 227 (1994).[9] In accord with Michigan's view is the Restatement Second on Restitution (tentative draft), § 28, p 216, which states that "[a] judgment or order for restitution will, at the claimant's instance, include an award of an amount as interest required to prevent unjust enrichment of the defendant." Accord Restatement Restitution, § 156, p 618. These authorities demonstrate that the term restitution should be understood with a meaning that includes interest, and thus the use of this term in the CVRA demonstrates that interest is to be included in restitution orders thereunder.

Federal decisions interpreting the federal statute on this topic, the Victim and Witness Protection Act (VWPA), also shed light on this issue.[10] The VWPA, like

---

[8] A legal term of art is a technical word or phrase that has acquired a particular and appropriate meaning in the law. It is, in a statute, to be construed and understood according to such meaning. MCL 8.3a; MSA 2.212(1); see *People v Gahan*, 456 Mich 264, 272; 571 NW2d 503 (1997); see also *People v Reeves*, 448 Mich 1, 8; 528 NW2d 160 (1995); 2A Singer, Sutherland Statutory Construction (5th ed), §47.30, p 262.

[9] In *Langley*, a case involving a land contract, we upheld a judgment of restitution that included interest. *Id.* at 444. In *Floyd*, the defendant attorney had been disciplined under the Michigan Court Rules, which, like the CVRA, provide for the ordering of "restitution." See MCR 9.106. Although we did not directly address the issue of interest, the restitution order entered against Floyd included interest. *Id.* at 423.

[10] 18 USC 3663-3664. The VWPA reads in relevant part:

The court, when sentencing a defendant convicted of an offense under this title . . . may order, in addition to or, in the case of a

the CVRA, uses the term "restitution" and states that the judge must order restitution in an amount equal to the "victim's losses." This Court has interpreted the VWPA and the CVRA in a similar manner when they use similar language. See, e.g., *People v Grant*, 455 Mich 243, n 30, *supra*. Federal courts of appeal have upheld restitution orders that included interest. For example, in *United States v Patty*, 992 F2d 1045, 1050 (CA 10, 1993), the Tenth Circuit upheld prejudgment interest on a restitution obligation stating that "[p]rejudgment interest reflects the victim's loss due to his inability to use the money for a productive purpose, and is therefore necessary to make the victim whole." See also *United States v Rochester*, 898 F2d 971, 983 (CA 5, 1990). In *United States v Smith*, 944 F2d 618, 626 (CA 9, 1991), the Ninth Circuit similarly upheld an interest award and noted "[f]oregone interest is one aspect of the victim's actual loss, and thus may be part of the victim's compensation." In *Virgin Islands v Davis*, 43 F3d 41, 47 (CA 3, 1994), the Third Circuit stated prejudgment interest "is an aspect of the victim's actual loss which must be accounted for in the calculation of restitution in order to effect full compensation." All these decisions that have interpreted the VWPA, a statute that is a federal analogy to

---

misdemeanor, in lieu of any other penalty authorized by law, that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate. [18 USC 3663(a)(1)(A).]

In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant. [18 USC 3664(f)(1)(A).]

the CVRA, indicate that interest is properly included in criminal restitution orders.

The decisions of several state courts also indicate that interest is properly included in restitution orders. For example, state courts in Alaska and Colorado have upheld criminal restitution orders that included interest in the restitution amount. In both these states, the relevant sentencing statutes are similar to the CVRA in that they use the term "restitution" and define the appropriate amount of restitution in a manner comparable to the CVRA.[11] In *Dorris v State*, 656 P2d 578, 584 (Alas App, 1982), the Alaska Court of Appeals found interest appropriate under that state's criminal restitution statute, stating "the purpose of the restitution statute is to make the victim whole . . . ." Similarly, in *Valenzuela v People*, 893 P2d 97, 99 (Colo, 1995), the Colorado Supreme Court held that interest could be charged to a defendant as part of restitution stating "[a]warding interest is compensation for actual, pecuniary damage suffered by

---

[11] The relevant portions of the Alaska statute read:

(a) While on probation and among the conditions of probation, the defendant may be required

\*     \*     \*

(2) to make restitution or reparation to aggrieved parties for actual damages or loss caused by the crime for which conviction was had. [Alas Stat 12.55.100.]

The relevant portions of the Colorado statute read:

(1) As a condition of every sentence to probation, the court shall order that the defendant make full restitution to the victim of his or her conduct or to a member of the victim's immediate family for the actual damages that were sustained. . . . The amount of such restitution shall be equal to the actual pecuniary damages sustained by the victim. [Colo Rev Stat Ann 16-11-204.5.]

the victim incidental to the defendant's crime . . . ." These decisions from sister states that have found interest appropriate under statutes that use language similar to the CVRA reinforce our finding that interest is a legitimate element of a restitution order under the CVRA.

B

Having determined that interest is allowed under the CVRA, the question becomes how to properly calculate the restitution amount to include the appropriate amount of interest. To be clear, it must be understood that under the approach we have just discussed and adopted foregone interest is one aspect of the victim's actual loss and the court must first determine it and add it to the underlying amount to establish the corpus, or principal, of the restitution. It would only be at that point that, assuming the version of the CVRA in effect at the time of sentencing allowed it, the court could consider the factors the Legislature articulated (defendant's income, financial needs, dependents, etc., as set forth in footnote 5) to determine if a reduction of the restitution amount was appropriate. This is, of course, a very different understanding of interest than lawyers and judges are familiar with in civil cases, where interest is usually thought of as an "add-on" to the adjudicated damages. Thus, care should be taken to avoid confusion when dealing with interest in this less familiar criminal law context. Moreover, in this case it is necessary in the calculating of the corpus to do so for two periods. The first (May 14, 1979-July 6, 1987) is the period when the Legislature had not spoken regarding the support arrearage interest, and thus a reasonable

interest rate was discretionary with the court. The second (July 6, 1987-July 19, 1994) is the period when the Legislature had fixed the interest rate in such cases by statute.[12]

During this first period, the establishment of the interest component of the restitution amount was to be based on the judge's exercise of his discretion. That process being completed, it was then necessary for the court, under the statute then in effect, to determine whether to award either full or partial restitution, after consideration of the statutory factors relevant to that decision.[13] 1993 PA 341, § 45. Thus in determining the amount of restitution for the first period, the trial judge had discretion not only regarding a reasonable interest rate on the unpaid amounts, but also, using the factors in the statute, whether there should be full or partial restitution of that amount.

The trial court did not order interest, however, for the period from May 14, 1979, to July 6, 1987. The court stated that it was not including interest for

---

[12] We have in this case a unique circumstance in which the Legislature has established an interest rate formula in a closely related statute. Thus, while this is a criminal restitution matter, in the interest of comity we examine the analogous Support and Visitation Enforcement Act for the proper interest rate to apply when calculating interest on defendant's support arrearages. Of course, in the more usual case, when the trial court has no such guidance, the court is free to employ its discretion in setting the rate.

[13] At the time of defendant's sentencing, the CVRA stated, "[t]he court . . . shall consider the amount of the loss sustained by any victim as a result of the offense, *the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and such other factors as the court considers appropriate.*" See 1985 PA 87 (emphasis added). We stated in *People v Grant*, 455 Mich 233, that "[t]he statute involves two separate inquiries: first, a determination of the amount of the victim's loss and, second, an evaluation of the factors that would affect the defendant's ability to pay restitution."

amounts due before July 6, 1987, because the trial judge in *defendant's divorce action* had not awarded interest on defendant's *support order.* This was error because, as outlined earlier, the trial judge had authority to award interest under the CVRA, regardless of whether the judge in defendant's divorce action ordered interest.

The second period requires a different restitution calculation. The reason is that in the 1987 amendment, MCL 552.603(6)(a); MSA 25.164(3)(6)(a), the Legislature changed the Support and Visitation Enforcement Act to provide that support orders were to be considered judgments with the "full force, effect, and attributes of a judgment of this state . . . ." Simply stated, this meant that interest is mandatory with respect to support arrearages at the statutory rate, just as it had traditionally been with other civil judgments. Indeed, the Court of Appeals had so found in *Langford, supra* at 299-300, and in this case the judge utilized this holding. This was proper.[14] The judge also specifically stated that he

---

[14] The Court of Appeals in this case stated that the trial court's reliance on *Langford,* a civil matter, was misplaced because the instant case was a criminal matter. 223 Mich App 593. This statement misunderstands the appropriate use of *Langford.*

*Langford* is relied upon in this case not as the authority to award interest in a criminal matter. Rather, it merely gives guidance regarding what the Legislature has stated is the compensation for the use value of money, i.e., interest, when dealing with the payment of civil child support arrearages. The authority in the criminal matter to award interest comes from the CVRA itself where it describes the calculation of restitution in terms of the "amount of the loss sustained by any victim . . . ." MCL 780.767(1); MSA 28.1287(767)(1). Thus, *Langford,* by enlightening regarding what the loss is, is useful in construing the CVRA.

Similarly, it is appropriate to note that the Legislature amended the SVA effective January 1, 1996, and the statute now reads that a support order shall not accrue interest, MCL 552.603(7); MSA 25.164(3)(7), but instead accrues an 8 percent surcharge against all past due support payments.

was ordering full, as opposed to partial, restitution. The amount on which he based this decision, however, included not only the correctly calculated amount of unpaid support plus interest from the second period, but also the incorrectly calculated amount from the first period.

It is for these reasons that we remand this case to the trial court for a recalculation of the restitution order. In accordance with this opinion, the judge must initially determine a reasonable interest rate for the first period. Following this determination, he must then recalculate the total amount of full restitution, which will be comprised of the amount of unpaid support plus interest for both the first and second periods. Finally, with regard to this new aggregate amount, the judge must exercise his discretion regarding whether to order full or partial restitution after considering the relevant statutory criteria.

On remand, defendant shall have the opportunity to present argument or evidence regarding both the appropriate interest rate for the first period and the statutory factors the judge must consider in his decision to award full or partial restitution. This is consistent with our holding in *People v Grant*, 455 Mich 243, that if the defendant disputes the type or amount of restitution, the dispute must be resolved by a preponderance of the evidence. Because defendant in this

---

MCL 552.603a; MSA 25.164(3a). Just as providing for statutory interest in the 1987 amendment indicated the Legislature's expression of what constituted the appropriate amount of compensation for the lost use of child support payments, this latest amendment indicates the Legislature's current expression of this amount. Accordingly, in an adjudication after the effective date of the amendment (January 1, 1996), the restitution calculation should be based on the 8 percent "surcharge" on amounts accruing after January 1, 1996.

case did dispute the inclusion of interest in the amount of restitution, a new hearing to determine the amount of restitution is appropriate.

### CONCLUSION

In sum, we affirm in part and reverse in part the judgment of the Court of Appeals and hold that a court has the authority to award interest on unpaid support under the CVRA. Accordingly, we vacate the restitution order and remand the case to the trial court for further proceedings consistent with this opinion.

WEAVER, C.J., and BRICKLEY, CORRIGAN, and YOUNG, JJ., concurred with TAYLOR, J.

CAVANAGH, J., concurred in the result only.

KELLY, J., took no part in the decision of this case.