### PEOPLE v PERSAILS

Docket No. 122098. Submitted September 5, 1991, at Lansing. Decided December 30, 1991, at 9:05 A.M. Leave to appeal sought.

Heath D. Persails pleaded no contest in the Branch Circuit Court, Michael H. Cherry, J., to a charge of malicious destruction of property with a value over $100. Pursuant to a plea agreement, the prosecutor agreed to forgo other potential malicious destruction charges against the defendant. The defendant was sentenced to five years' probation and ordered to pay restitution, including damages arising from offenses other than the offense underlying the defendant's plea. The defendant appealed.

The Court of Appeals *held:*

1. The defendant's conviction arose from a course of conduct that lasted nearly one month and included several offenses nearly identical to that for which the defendant was convicted. Restitution was properly ordered for damages that arose during that course of conduct.

2. The defendant's argument that he was improperly ordered to pay restitution for damage arising from a specific uncharged incident in which he was not involved was not preserved for appellate review. The belief that he was involved in the incident was derived from information in the presentence report, the veracity of which the defendant did not challenge at sentencing.

Affirmed.

CRIMINAL LAW — SENTENCES — RESTITUTION.

A defendant who pleads guilty of a single charge arising from a single incident that took place during a course of conduct may be ordered to pay restitution to the victims of other uncharged incidents that occurrred during the course of conduct (MCL 769.1a[1], 771.3, 780.766; MSA 28.1073[1], 28.1133, 28.1287).

*Frank J. Kelley,* Attorney General, *Gay Secor*

REFERENCES

Am Jur 2d, Criminal Law §§ 1051, 1052, 1055, 1056.

See the Index to Annotations under Sentence and Punishment; Victims.

*Hardy,* Solicitor General, and *Carole F. Barnett,* Assistant Attorney General, for the people.

State Appellate Defender (by *Anne Yantus*), for the defendant on appeal.

· Before: DANHOF, C.J., and SHEPHERD and MARILYN KELLY, JJ.

PER CURIAM. Defendant appeals as of right the amount of restitution imposed as a condition of probation following his plea of no contest to one count of malicious destruction of property of a value over $100, MCL 750.377a; MSA 28.609(1). We affirm.

Defendant and other miscreants gathered at various times during February 1989 for the purpose of dropping or throwing objects off road overpasses onto passing vehicles in the Battle Creek area. These escapades resulted in several incidents of vehicular damage. In the present case, defendant and his cohorts damaged a vehicle carrying several passengers, one of whom was subsequently treated for an injury resulting from glass flying into his eye from the broken windshield. One of the cohorts threw a tire jack from an overpass onto this vehicle. Although defendant did not throw the tire jack, he admitted throwing other objects.

Pursuant to a plea bargain, defendant pleaded guilty as charged in exchange for the prosecution's agreement to forgo other potential malicious destruction charges. He was sentenced to five years' probation and ordered to pay restitution. Although it is uncertain from the plea transcript whether defendant agreed to pay restitution as part of the plea agreement, it is clear that the sentencing judge ordered defendant to pay restitution cover-

ing several offenses other than the offense underlying defendant's conviction as a condition of probation. Specifically, defendant was ordered to pay $1,086.08, along with fees and costs, at the rate of $45 a month.

After sentencing, the defense unsuccessfully moved to amend the order of probation to decrease the amount of restitution to be paid, arguing for the first time that the order improperly encompassed damages arising from offenses other than the offense underlying defendant's plea. Defense counsel also noted that $443.92 had been included in the restitutionary amount for an incident in which a mailbox was thrown onto a vehicle, an incident in which defendant denied being involved.

Defendant first argues that this Court must reverse because the amount of restitution contained in the order of probation was improperly based on uncharged crimes that were not within a course of conduct and because the uncharged crimes did not form the basis of defendant's conviction. Part of defendant's argument is premised upon case law that preceded enactment of either the general restitution statute, MCL 769.1a; MSA 28.1073 (added by 1985 PA 89, effective July 10, 1985), or the restitution section of the Crime Victim's Rights Act, MCL 780.766; MSA 28.1287(766) (enacted as part of 1985 PA 87, effective October 9, 1985).

The probation statute, MCL 771.3; MSA 28.1133, provides:

> (2) As a condition of probation, the court may require the probationer to do 1 or more of the following:
>
> \* \* \*
>
> (d) Pay restitution to the victim or the victim's estate.

The general restitution statute, MCL 769.1a(1); MSA 28.1073(1), authorizes the court to order any defendant to

> make full or partial restitution to the victim of the defendant's course of conduct which gives rise to the conviction or to the victim's estate.

The restitution section of the Crime Victim's Rights Act, MCL 780.766; MSA 28.1287(766), provides:

> (2) The court, when sentencing a defendant convicted of a crime, may order . . . that the defendant make restitution to any victim of the defendant's course of conduct which gives rise to the conviction, or to the victim's estate.

Defendant contends that we should interpret these statutes narrowly to allow restitution only for losses caused by the specific conduct that was the basis of or gave rise to defendant's conviction in this case, arguing that the uncharged offenses not pursued because of the plea agreement did not provide the factual basis for his plea. We decline to do so, noting that the uncharged malicious destruction offenses are as likely to have motivated defendant's plea in this case as did charged but subsequently dismissed offenses for which restitution was approved in *People v Bixman,* 173 Mich App 243, 245-246; 433 NW2d 417 (1988).

Defendant's course of conduct, from which his conviction arose, included several nearly identical offenses within approximately one month. We do not see how this pattern of maliciously destroying parts of victims' vehicles is different than passing several bad checks or embezzling several items over a period of time. See *People v Littlejohn,* 157

Mich App 729; 403 NW2d 215 (1987), and cases cited therein.

Defendant also claims that he was improperly ordered to pay restitution for damage arising from the uncharged mailbox incident. However, the belief that defendant was involved in that incident was apparently derived from information in the presentence report, and defendant did not challenge the veracity of that information at sentencing. The issue therefore is not preserved for appellate review. *People v Maxson,* 163 Mich App 467, 472, n 1; 415 NW2d 247 (1987). Further, we note that the sum of all damages reflected in the presentence report is $1,830.08, yet defendant was ordered to pay only $1,086.08. Therefore, defendant was not ordered to pay $744 of reported damages. This latter amount is more than the $443.92 in damages arising from the disputed mailbox incident.

Affirmed.