# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

MICHAEL EUGENE FOSTER,

Defendant-Appellant.

FOR PUBLICATION
April 20, 2017
9:10 a.m.

No. 329992
Iosco Circuit Court
LC No. 14-008692-FH
14-008881-FH
15-009012-FH

Before: M. J. KELLY, P.J., and STEPHENS and O'BRIEN, JJ.

STEPHENS, J.

Defendant, Michael Eugene Foster, pleaded guilty to two counts of breaking and entering with intent to commit a felony, MCL 750.110, and one count of possession with intent to deliver a controlled substance, MCL 333.7401(2)(b)(*i*). Defendant appeals by delayed leave granted[1] the judgment of sentence, which ordered defendant to serve concurrent prison terms of 19 months to 10 years for the breaking and entering convictions, consecutive to a term of 78 months to 20 years for the possession with intent to deliver conviction. Defendant was also ordered to pay a $500 fine for the possession of a controlled substance offense, and, *inter alia*, restitution in the amount of $223.76 for two dismissed misdemeanor offenses. We affirm in part, vacate in part, and remand to the trial court for correction of the judgment of sentence.

## I. BACKGROUND

Defendant does not contest the factual basis of this prosecution. In LC No. 14-8881-FH, defendant pleaded guilty to one count of breaking and entering, and stated that around September 21 or 22, 2014, he entered a barn located at a golf course on Cedar Lake Road in Iosco County after his "co-defendant opened the door" and "took 11 batteries", which he later sold for their scrap value. Defendant also pleaded guilty to one count of breaking and entering in LC No. 14-8692-FH, stating that, on June 5, 2014, he entered a garage "on the corner of Jordonville Road and US-23" "in Iosco County" and "me and my co-defendant carried a generator out." In LC No. 15-9012-FH, defendant pleaded guilty to one count of possessing, with the intent to deliver,

---

[1] *People v Foster*, unpublished order of the Court of Appeals, entered December 7, 2015 (Docket No. 329992).

-1-

the controlled substance of methamphetamine, and stated that, around December 16, 2014, he "had a substantial amount of Methamphetamine. And we got pulled over, and it was found in the vehicle, and I admitted it was mine." Defendant added that he possessed the methamphetamine for the purpose of "shooting it, smoking it, snorting it. . . . Yeah, there was an intent to sell some of it."

Defendant and the prosecution entered a plea agreement on the record. In exchange for defendant's pleas of guilty, the prosecution and defendant agreed that the breaking and entering sentences would run concurrent to each other, and consecutive to the possession with intent to distribute offense, and that defendant would be sentenced with no habitual offender status to a "max/minimum . . . at the bottom of the sentence guideline" on all three offenses. The parties also agreed, "two misdemeanor Retail Fraud matters in District court would be dismissed with restitution to be paid in full on those -- in addition to the restitution on these files that are being pled guilty to."

The trial court informed defendant that breaking and entering is an offense that carries with it a maximum penalty of ten years' incarceration for each conviction and that possession with intent to deliver the controlled substance of methamphetamine carries with it a maximum penalty of twenty years' incarceration and/or a $25,000 fine. The trial court also informed defendant that the court was not bound by the plea agreement at sentencing and that, if the court imposed a sentence different from that agreed to, then defendant could withdraw his plea. The court accepted all three pleas and referred defendant to the Department of Corrections for preparation of a presentence investigation report.

At the sentencing hearing, the court followed the recommendations of the Department of Corrections as provided in the PSIR. As for LC No. 14-8692-FH, defendant was sentenced as stated above, and ordered to pay restitution in the amount of $232.19 jointly and severally with co-defendants Allen Present and Zachary Williams payable to Helen Bero. Defendant was further ordered to pay a $68 state cost, a Crime Victims Assessment in the amount of $130, $1,100 in court costs, and a $500 fine. In regards to LC No. 14-8881-FH, defendant was sentenced as stated above, and ordered to pay restitution in the amount of $887.52 jointly and severally with co-defendant Paul Sivrais payable to Lakewood Shores Gold Resort. As for LC No. 1540-SM, defendant was ordered to pay restitution in the amount of $223.76 jointly and severally with co-defendant Valerie Foster payable to Walmart, restitution in the amount of $196.26 again payable to Walmart, a $68 state cost, and a Crime Victims Assessment in the amount of $130. In regards to LC No. 15-9012-FH, defendant was sentenced as stated above, and ordered to pay a $68 state cost and a Crime Victims Assessment in the amount of $130.

The trial court asked defendant and his counsel if they were "aware of any additions, deletions, or corrections that need to be made with regard to any of the factual matters contained within the [presentence] report." Both responded that there were not. Additionally, defendant and his counsel both stated that they did not have any objection to the scoring of the sentencing guidelines. The trial court then sentenced defendant as recommended by the Department of Corrections.

## II. THE VALIDITY OF THE FINE

Defendant first challenges the $500 fine imposed by the court in LC No. 14-8692-FH, the breaking and entering charge related to the generator theft. Defendant contends that because the fine was not a part of his sentence recommendation and he was not given the opportunity to withdraw his plea after the fine was imposed, the fine should be vacated. We agree.

## A. STANDARD OF REVIEW

Defendant did not challenge the trial court's authority to order the fine at sentencing. This Court reviews unpreserved claims of error under the plain error rule. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

## B. ANALYSIS

"If the prosecuting attorney and the defendant choose to negotiate, and in fact reach a sentence agreement or sentence recommendation, the court shall require disclosure in open court of the details of the agreement at the time the plea is offered."[2] *People v Killebrew*, 416 Mich 189, 206; 330 NW2d 834 (1982),

In *Killebrew*, 416 Mich at 209-210, our Supreme Court held that when a plea agreement contains a prosecutorial sentence recommendation,

> the judge may accept the guilty plea . . . yet refuse to be bound by the recommended sentence. The judge retains his freedom to choose a different sentence. However, the trial judge must explain to the defendant that the recommendation was not accepted by the court, and state the sentence that the court finds to be the appropriate disposition. The court must then give the defendant the opportunity to affirm or withdraw his guilty plea.

No written plea agreement is included in the record on appeal. According to the testimonies of defendant, his counsel, and the prosecution at the plea hearing, defendant agreed to plead guilty to the three felonies and pay restitution on those charges and on two misdemeanor retail fraud charges in exchange for dismissal of the two misdemeanors, no Habitual Offender notices being

---

[2] Although a written plea agreement is not included in the record on appeal, the trial court appeared to treat the plea agreement as a sentence recommendation rather than a sentence agreement, see *People v Killebrew*, 416 Mich 189, 206-208; 330 NW2d 834 (1982) (explaining the difference between a sentence agreement and a sentence recommendation). When the trial court accepted the plea, it stated that it was not bound by the plea at sentencing. Because acceptance of a sentence agreement binds the trial court to the agreed-upon sentence, see *id*. at 206-207, whereas a sentence recommendation allows a trial court to accept the plea but impose a different sentence than agreed (see *id*. at 207-208), the trial court's statement that it would accept the plea but not be bound by it, indicates that the plea was a sentence recommendation.

filed, and sentencing at the bottom of the sentencing guidelines. The record makes no indication that a fine was contemplated by the agreement.

At the plea hearing, the trial court informed defendant that it was not bound by the plea agreement, the offense of possession of a controlled substance with intent to deliver carried with it a maximum fine of $25,000, and that defendant would be allowed to withdraw his plea in the event the trial court deviated from the agreement at sentencing. However, the sentencing record indicates that the trial court imposed a $500 fine in connection with LC No. 14-8692-FH, a breaking and entering charge and thereafter, did not afford defendant an opportunity to withdraw his plea. Because the fine imposed was not part of the sentencing agreement and not contemplated by the parties in relation to the breaking and entering charge for which it was assessed, we conclude that the trial court plainly erred by not giving defendant an opportunity to affirm or withdraw his plea after the fine was imposed. Accordingly, we vacate that portion of the judgment of sentence that requires defendant to pay a $500 fine. *People v Morse*, 480 Mich 1074; 744 NW2d 169 (2008).

## III. THE VALIDITY OF THE RESTITUTION

Defendant next challenges the trial court's order of restitution on the grounds it ordered restitution for uncharged conduct, that defendant's restitution was not proportionate to his participation in the crime, and that restitution for uncharged conduct, not submitted to a jury violates defendant's Sixth and Fourteenth Amendment rights.

## A. STANDARD OF REVIEW

Defendant did not challenge the court's authority to order restitution on the dismissed misdemeanor charges or to the imposition of restitution in general before the trial court. "The proper application of MCL 780.766(2) and other statutes authorizing the assessment of restitution at sentencing is a matter of statutory interpretation, which we review de novo." *People v McKinley*, 496 Mich 410, 414–415; 852 NW2d 770 (2014). "We review a court's calculation of a restitution amount for an abuse of discretion, *People v. Gubachy*, 272 Mich. App. 706, 708, 728 N.W.2d 891 (2006), and its factual findings for clear error, *People v. Fawaz*, 299 Mich. App. 55, 64, 829 N.W.2d 259 (2012)." *People v Corbin*, 312 Mich App 352, 361; 880 NW2d 2 (2015). However, this Court reviews unpreserved claims of error under the plain error rule. *Carines*, 460 Mich at 763. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

A criminal defendant need not "take any special steps to preserve the question of the proportionality of h[is] sentence." *People v Cain*, 238 Mich App 95, 129; 605 NW2d 28, 47 (1999). This Court reviews the proportionality of a trial court's sentence for an abuse of discretion. *People v Paquette*, 214 Mich App 336, 344–45; 543 NW2d 342 (1995). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *People v Cross*, 281 Mich App 737, 739; 760 NW2d 314 (2008).

B. ANALYSIS

1. RESTITUTION AS PART OF DEFENDANT'S SENTENCE RECOMMENDATION

Defendant first argues according to *People v McKinley*, *supra*, that he cannot be ordered to pay restitution for a charge that was dismissed. In *McKinley*, our Supreme Court "held that any course of conduct that does not give rise to a conviction may not be relied on as a basis for assessing restitution against a defendant." 496 Mich at 419-420. Defendant posits that he cannot be ordered to pay restitution in connection with his two dismissed retail fraud charges because those charges did not result in a conviction. As an issue of first impression, defendant's circumstance is different from *McKinley* because he agreed to pay the restitution he now challenges, in exchange for charges to be dismissed.

The code of criminal procedure sets forth the trial court's authority to order restitution to the victim of a crime.

> There are two main statutes that govern restitution . . . : MCL 780.766 (part of the [William Van Regenmorter Crime Victim's Rights Act [3]]) and MCL 769.1a (the general restitution statute).[4] Both statutes begin by defining "victim" as "an individual who suffers direct or threatened physical, *financial,* or emotional harm as a result of the commission of a crime." The statutes then declare that sentencing courts "shall order" a defendant convicted of a crime to "make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. [*People v Garrison*, 495 Mich 362, 367; 852 NW2d 45 (2014) (emphasis added).]

MCL 769.1a and MCL 780.766 contain nearly identical mandates. MCL 769.1a(2) provides that

> when sentencing a defendant convicted of a felony, misdemeanor, or ordinance violation, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate.

Likewise, under MCL 780.766(2),

> when sentencing a defendant convicted of a crime, the court shall order, in addition to or in lieu of any other penalty authorized by law or in addition to any other penalty required by law, that the defendant make full restitution to any

---

[3] MCL 780.751 *et seq.*

[4] MCL 769.1a was first adopted by 1985 PA 89, effective July 10, 1985. MCL 780.766 was enacted by 1985 PA 87 and became effective on October 9, 1985. *People v Persails*, 192 Mich App 380, 382; 481 NW2d 747 (1991).

victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. . . .[5]

Our Legislature enacted the Crime Victim's Rights Act (CVRA), MCL 780.751 *et seq.*, and, accordingly, its component part, MCL 780.766,

> as part of a movement intended to balance the rights of crime victims and the rights of criminal defendants. One aim of [the CVRA] was "to enable victims to be compensated fairly for their suffering at the hands of convicted offenders." The Legislature's statutory direction to order defendants to pay complete, entire, and maximum restitution effectuates this goal of fair compensation. [*Garrison*, 495 Mich at 368.]

MCL 769.1a and MCL 780.766 previously had permissive language, allowing, but not requiring the trial court to award restitution to crime victims; however, these statutes were amended in 1993 to require trial courts to award restitution to crime victims. *Id*. at 373; see also 1993 PA 43 (substituting "shall" for "may" in MCL 769.1a); 1993 PA 41 (substituting "shall" for "may" in MCL 780.766).[6]

Prior to *McKinley*, the courts of this state have held that MCL 769.1a and MCL 780.766 grant the trial court broad authority to order restitution in excess of that appropriate for the conduct underlying the defendant's instant conviction so long as the loss occurred within the same *course of conduct* as the convicted conduct. The scope and breadth of the definition of "course of conduct" encompassed both criminal conduct of like kind with multiple victims and multiple crimes against the same victim. See *People v Littlejohn*, 157 Mich App 729, 731-732; 403 NW2d 215 (1987) (holding that where the defendant was convicted of one count of embezzlement but admitted to previous instances of embezzlement against the same retail establishment, the trial court was within its authority to order the defendant to pay restitution for all instances of embezzlement); *People v Persails*, 192 Mich App 380, 383; 481 NW2d 747 (1991) (holding that where the defendant engaged in "several nearly identical offenses within approximately one month," the court could award restitution to victims of the uncharged conduct); *People v Bixman*, 173 Mich App 243, 246; 433 NW2d 417 (1988) (holding that the

---

[5] The following text is included in MCL 780.766, but not in MCL 769.1a: "For an offense that is resolved by assignment of the defendant to youthful trainee status, by a delayed sentence or deferred judgment of guilt, or in another way that is not an acquittal or unconditional dismissal, the court shall order the restitution required under this section."

[6] The record is unclear whether the trial court awarded restitution under MCL 769.1a or MCL 780.766. The trial court did not mention any specific statute at trial or in its judgment. In any event, because MCL 769.1a and MCL 780.766 contain nearly identical language, a trial court generally would have little reason to differentiate between the two when awarding restitution to a crime victim. Indeed, this Court and our Supreme Court have often ruled simultaneously on the application of the two statutes. See, e.g., *People v Persails*, 192 Mich App 380, 383; 481 NW2d 747 (1991); *Garrison*, 495 Mich at 373.

defendant who pleaded guilty to writing a nonsufficient funds check of $1,400 could be ordered to pay more than $17,000 in restitution for writing other nonsufficient funds checks).

The Supreme Court recently addressed and narrowed the broad definitions of "course of conduct" and "arising out of" in *McKinley*, stating, "MCL 780.766(2) does not authorize trial courts to impose restitution based <u>solely</u> on uncharged conduct." 496 Mich at 424 (emphasis added). We are keenly aware of the Court's use of the word solely as a qualifier on the court's proscription to impose restitution; just as we are mindful of its clear intent that previous precedent "should be overruled to the extent that it held that MCL 780.766(2) authorizes the sentencing court to order criminal defendants to pay restitution to all victims, even if those specific losses were not the factual predicate for the conviction." *Id*. The Court defined "uncharged conduct" as "criminal conduct that the defendant allegedly engaged in that was not relied on as a basis for any criminal charge and therefore was not proved beyond a reasonable doubt to a trier of fact." *Id*. at 413 n 1. Therefore, "conduct for which a defendant is *not* criminally charged and convicted is necessarily *not* part of a course of conduct that gives rise to the conviction." *Id*. at 420. The *McKinley* Court did not specifically address the application of its rule to MCL 769.1a. However, because MCL 769.1a contains identical language to MCL 780.766(2) and has previously been interpreted as its precedential equal,[7] the rule set forth in *McKinley* for MCL 780.766(2) should extend to MCL 769.1a(2).

*McKinley* however, has yet to be applied to a case like here where the defendant was charged for crimes which were dismissed under a plea agreement where an agreement to pay restitution was a condition of the plea. We do not find that either the rule announced in *McKinley* or its analytical framework renders restitution as a part of a negotiated plea unconstitutional. The facts in *McKinley* were very different from those in the instant appeal. Those facts were as follows:

> police officers arrested the defendant because they believed him to be responsible for a series of thefts of commercial air conditioning units in the area. Following a trial, a jury found the defendant guilty of larceny over $20,000,[8] malicious destruction of property over $20,000, and inducing a minor to commit a

---

[7] The *McKinley* Court specifically overruled its own interpretation in *People v Gahan*, 456 Mich 264, 270; 571 NW2d 503 (1997), which determined that the Legislature's use of the term "course of conduct" in MCL 780.766 should be given broad application based upon this Court's interpretation of MCL 771.3(1)(e). *People v McKinley,* 496 Mich at 418 n 8. The *McKinley* Court further noted that MCL 769.1a(2) contained "identical language [to MCL 771.3(1)(e)] for all relevant purposes." *Id.* In doing so, the *McKinley* Court suggests that the precedent set forth in its opinion would not be limited to MCL 780.766.

[8] In *People v McKinley*, unpublished opinion per curiam of the Court of Appeals, issued May 16, 2013 (Docket No. 307360), unpub op at 1, this Court "vacated the defendant's conviction for larceny . . . but otherwise affirmed his convictions and sentences. The panel rejected the defendant's argument that Michigan's restitution scheme is unconstitutional because it permits trial courts to impose restitution on the basis of facts not proven to the trier of fact beyond a reasonable doubt." *McKinley*, 496 Mich at 414.

felony . . . .   The trial court reserved a decision on restitution until after sentencing.  Following a hearing, and over defense counsel's objection to the amount of restitution assessed, the trial court entered an amended judgment of sentence to reflect the imposition of $158,180.44 in restitution against the defendant.  Of that total, the defendant was ordered to pay $63,749.44 to the four victims of the offenses of which he was convicted and $94,431 to the victims of uncharged thefts attributed to the defendant by his accomplice. [496 Mich at 413-414.]

When the *McKinley* Court determined that a trial court could not impose an award of restitution for uncharged conduct under MCL 780.766(2), it specifically declined to address the constitutionality issue raised in the appeal.  The *McKinley* Court's grant of leave was limited to: "(1) whether an order of restitution is equivalent to a criminal penalty, and (2) whether Michigan's statutory restitution scheme is unconstitutional insofar as it permits the trial court to order restitution based on uncharged conduct that was not submitted to a jury or proven beyond a reasonable doubt."  496 Mich at 414.  The *McKinley* Court avoided the latter constitutional question and rather determined that MCL 780.766(2) did not grant trial courts authority to order restitution for uncharged conduct.  It explained in a footnote:

Notably, and we believe further supporting our decision not to reach the constitutional issue, the apparent reason other courts have not been asked to address the [constitutional] argument that the defendant raises here is because those courts have (seemingly uniformly) construed their restitution statutes as allowing the assessment of restitution based only on convicted conduct.  See, e.g., *Hughey v United States,* 495 US 411, 413, 110 S Ct 1979, 109 L Ed 2d 408 (1990); *State v Clapper,* 273 Neb 750, 758, 732 NW2d 657 (2007); *Commonwealth v McIntyre,* 436 Mass 829, 835 n 3, 767 NE2d 578 (2002) (collecting cases applying various standards requiring a causal relationship between the restitution award and the conviction).  Accordingly, we are aware of no court that has reached the argument defendant preserved below: whether *Apprendi* [*v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000)] and its progeny bar the assessment of restitution based on uncharged conduct.  See also *United States v Sharma,* 703 F3d 318, 323 (CA 5, 2012) ("The [Mandatory Victim Restitution Act, 18 USC 3663A (MVRA),] limits restitution to the actual loss directly and proximately caused by the defendant's offense of conviction.  An award of restitution cannot compensate a victim for losses caused by conduct not charged in the indictment or specified in a guilty plea, or for losses caused by conduct that falls outside the temporal scope of the acts of conviction."). [496 Mich at 417 n 6.]

None of the cases cited in *McKinley* address the issue of whether a defendant can affirmatively agree to restitution for dismissed conduct.  The multi-jurisdictional survey was offered to support the decision to preclude restitution for uncharged acts on a purely statutory basis.  The Court noted in the footnote that other state courts had taken the same approach and declined to address the application and implications of *Apprendi v New Jersey*, 530 US 466, 490; 120 S Ct 2348; 147 L Ed 2d 435 (2000), to their restitution process.  The federal case cited, also declined to make a constitutional ruling.  In *Sharma,* 703 F3d at 323, the court vacated a

restitution order imposed on the defendants after a plea agreement under the federal Mandatory Victim Restitution Act (MVRA), 18 USC 3663A, for fraudulent billing to various insurers. The *Sharma* defendants objected to the amount of restitution that compensated the victims for more than their actual losses due to the charged conduct. The court cited a number of legal and factual errors in the award including the fact that it awarded compensation for conduct that pre-dated the charged conspiracy; in other words, uncharged conduct.

While not addressed by the *Sharma* court, or noted in the *McKinley* footnote, we are aware the MVRA specifically provides that "[t]he court shall also order, if agreed to by the parties in a plea agreement, restitution to persons other than the victim of the offense." 18 USC 3663A. Thus, allowing a defendant the ability to agree to compensate persons for uncharged conduct. It is a reasonable inference that in citing *Sharma* our Court was aware of the possibility of a defendant entering into a stipulation to pay restitution that exceeded the losses from charged conduct when it pointedly used the word solely in their discussion of the limits of court authority in Michigan. At the very least, aware of the possibility under the MVRA, the Court declined to criticize the option.

We share the *McKinley* Court's concern that allowing a trial court to order restitution for uncharged conduct would offend the defendant's due process right that the prosecution proves beyond a reasonable doubt every element of the charge to a trier of fact. *McKinley*, 496 Mich at 413 n 1; *People v Goss*, 446 Mich 587, 596; 521 NW2d 312 (1994). However, we do not find this right implicated in the case where the defendant expressly agrees to pay restitution to receive the benefit of a bargain struck with the prosecution. Defendant's conduct at Walmart formed the basis of two counts retail fraud for which defendant was charged in district court. Defendant's agreement to have those misdemeanor charges dismissed, but still pay the restitution owed to Walmart was "[i]n essence, . . . the act of self-conviction by the defendant in exchange for various official concessions." *Killebrew*, 416 Mich at 199 citing Alschuler, Plea Bargaining and Its History, 13 Law & Society Review 211, 213 (1979). In the instance where a conviction is exchanged for restitution, defendant intentionally relinquishes his right to have the prosecution prove every element of the charge beyond a reasonable doubt.[9]

## 2. PROPORTIONALITY

Defendant next argues that the trial court's order of restitution violated the principle of proportionality. We disagree.

A crime victim's right to "[r]estitution is afforded both by statute and by the Michigan Constitution." *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003). See also Const 1963, art 1, § 24. The Crime Victims' Rights Act mandates that,

> when sentencing a defendant convicted of a crime, the court shall order, in
> addition to or in lieu of any other penalty authorized by law or in addition to any

---

[9] "[W]aiver is the 'intentional relinquishment or abandonment of a known right.' " *United States v Olano*, 507 US 725, 733; 113 S Ct 1770; 123 L Ed 2d 508 (1993) quoting *Johnson v Zerbst*, 304 US 458, 464; 58 S Ct 1019; 82 L Ed 1461 (1938).

other penalty required by law, that the defendant make full restitution to any victim of the defendant's course of conduct that gives rise to the conviction or to the victim's estate. [MCL 780.766(2).]

MCL 780.766(1) defines a victim as "an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime [or] a sole proprietorship, partnership, corporation, association, governmental entity, or any other legal entity that suffers direct physical or financial harm as a result of a crime."

"[I]n determining the proper amount of restitution, the court *shall* consider the amount of loss sustained by the victim, the financial resources and earning ability of the defendant, the financial needs of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." *People v Avignone*, 198 Mich App 419, 422; 499 NW2d 376 (1993). See also MCL 780.767(1). Traditionally, this Court has reviewed orders of restitution to determine if the amount was authorized by statute, see, e.g., *People v Gaines*, 306 Mich App 289, 322-324; 856 NW2d 222 (2014); whether the amount of restitution ordered was proved by a preponderance of the evidence, see, e.g., *People v Gubachy*, 272 Mich App 706, 709; 728 NW2d 891, 893 (2006); or whether the defendant had the financial ability to pay that amount, see, e.g., *People v Hart*, 211 Mich App 703, 707; 536 NW2d 605 (1995).

Defendant does not challenge the restitution order in this case on any of these grounds. Rather, defendant argues that the order violates the principle of proportionality set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), by awarding joint and several restitution rather than individually fixing an amount for which each defendant would be responsible. *Milbourn* held that a trial court abuses its discretion when it imposes a sentence that is not "proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. We conclude that a *Milbourn* analysis is inapplicable here.

"A central proposition to the holding of *Milbourn* was that discretionary sentencing decisions are subject to review by the appellate courts to ensure that the exercise of that discretion has not been abused." *People v Norfleet*, ___ Mich App ___; ___ NW2d ___ (2016); slip op at 6. The majority of appellate claims under *Milbourn* concern whether a trial court's imposition of a *sentence of imprisonment* that departs from the sentencing guidelines violates the principle of proportionality. See, e.g., *People v St John*, 230 Mich App 644, 649; 585 NW2d 849 (1998); *People v Steanhouse*, 313 Mich App 1, 46-48; 880 NW2d 297 (2015) (holding that appellate courts must judge departures from the sentencing guidelines based on the *Milbourn* proportionality standard), lv gtd 499 Mich 934 (2016); *People v Shank*, 313 Mich App 221, 225; 881 NW2d 135 (2015), app held in abeyance 882 NW2d 528 (Mich, 2016). "[O]ur Legislature, in setting forth a range of appropriate punishments for criminal offenses, has entrusted sentencing courts with the responsibility of selecting the appropriate punishment from statutorily authorized sentencing ranges. These sentencing ranges embody the 'principle of proportionality' because they allow a sentencing judge to tailor the sentence to the particular offense and offender at issue." *People v Hyatt*, 316 Mich App 368, ___; ___ NW2d ___ (2016); slip op at 25. "The limit on the judicial discretion to be exercised when imposing penalties is that the punishment should be proportionate to the offender and the offense." *Id*. at ___; slip op at 25.

The sentencing considerations present in *Milbourn* are not applicable here. In the case of a sentence involving imprisonment, a court may exercise discretion in choosing between a range of possible years. In the case of a sentence involving restitution, the court is not granted discretion to order that the defendant be responsible for any amount less than full restitution. See *People v Garrison*, 495 Mich 362, 373; 852 NW2d 45 (2014). The plain reading of MCL 780.766(2) clearly provides that the court *shall* order "defendant make *full* restitution to any victim. . . ." (Emphasis added). When our Legislature enacted MCL 780.766(2), it made restitution to crime victims a mandatory portion of a convicted criminal defendant's sentence. Defendant's theory to individualize the limit of the total amount of restitution owed is not authorized by the statute since each defendant can be ordered to pay all the restitution. Additionally, the principle of proportionality is concerned with whether the punishment is proportional to the crime, *Hyatt*, 316 Mich App at ___; slip op at 25, and, our Courts have held that restitution is not punishment[10] nor is it a penalty[11].

In *People v Grant*, *supra* at 233, 244, our Supreme Court approved an order of restitution requiring joint and several payment by codefendants. Although our Supreme Court was not asked to determine whether joint and several liability violated the principle of proportionality in *Grant*, our Supreme Court had already determined that proportionality was required for all sentences in *Milbourn* by the time *Grant* was decided. Additionally, ten years after *Grant* was decided, our Supreme Court issued an order on an application for leave to appeal which remanded the case "for correction of the judgments of sentence to reflect that the restitution ordered shall be joint and several with the codefendant." *People v Slotkowski*, 480 Mich 852; 737 NW2d 699 (2007). In determining the proportionality of a codefendant's sentence of incarceration, this Court has held that when a trial court sentences a co-defendant within the sentencing guidelines range, even to the statutory maximum for that offense, his "minimum culpability is not an unusual circumstance that overcomes the presumption of proportionality." *St John*, 230 Mich App at 650. Also, our statutes do not apportion criminal liability based upon a codefendant's degree of participation in the crime. Even one who merely aids a crime he does not personally commit "shall be punished as if he had directly committed such offense," MCL 767.39. Although restitution awards are not contemplated by the sentencing guidelines, because restitution is a mandatory part of a convicted defendant's sentence, we find this rule applies equally to restitution orders. See *People v Bell*, 276 Mich App 342, 350; 741 NW2d 57 (2007) (MCL 767.39 applied to MCL 780.766(2) "makes clear that [defendant] must pay restitution for [his] crime just as if [he] were a principal.").

Accordingly, we conclude that a trial court may order a co-defendant to pay the entirety of the restitution owed to a crime victim without violating the principle of proportionality.

3. CONSTITUTIONALITY

---

[10] See *People v Allen*, 295 Mich App 277, 282; 813 NW2d 806 (2011); See also *People v Fawaz*, 299 Mich App 55, 65; 829 NW2d 259 (2012); *People v Newton*, 257 Mich App 61, 68; 665 NW2d 504 (2003); *People v Crigler*, 244 Mich App 420, 423; 625 NW2d 424 (2001); *People v Gubachy*, 272 Mich App 706, 713; 728 NW2d 891 (2006).

[11] *People v Corbin*, 312 Mich App 352, 372; 880 NW2d 2 (2015).

Defendant next argues that he was "subject to an amount of restitution that is not factually supported by either an admission under oath, or a jury finding," as is required under the Sixth and Fourteenth Amendments to the Constitution of the United States. We disagree.

The Sixth Amendment of the United States Constitution provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation . . . .

The Sixth Amendment applies to prosecutions under state law via the Fourteenth Amendment of the United States Constitution. In *Apprendi v New Jersey*, *supra* at 490, "the United States Supreme Court announced the general Sixth Amendment principle [that] '[o]ther than the fact of a prior conviction, *any fact that increases the penalty for a crime* beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' " *People v Lockridge*, 498 Mich 358, 370; 870 NW2d 502, cert den __ US __; 136 S Ct 590; 193 L Ed 2d 487 (2015). In *Alleyne v United States*, 570 US ___, ___; 133 S Ct 2151, 2160; 186 L Ed 2d 314 (2013), the United States Supreme Court held that, in mandatory sentencing schemes, " 'fact[s] increasing *either end of the* [sentencing guidelines] *range* produce[] a new penalty' " and are subject to the rule set forth in *Alleyne*. *Lockridge*, 498 Mich at 372.

In *Lockridge*, 498 Mich at 389, our Supreme Court "concluded that Michigan's sentencing guidelines violate the Sixth Amendment rule from *Apprendi*." To remedy this violation, the Court severed MCL 769.34(2) to the extent that it rendered the sentencing guidelines mandatory. *Id.* at 391.

In *Southern Union Co v United States*, 132 S Ct 2344, 2348-2349; 183 L Ed 2d 318 (2012), the Supreme Court of the United States held that the rule from *Apprendi* applies to criminal fines. The Supreme Court further stated that, "[c]riminal fines . . . are penalties inflicted by the sovereign for the commission of offenses," and therefore, "while judges may exercise discretion in sentencing, they may not inflict punishment that the jury's verdict alone does not allow." *Id.* at 2350. In *Corbin*, this Court considered *Southern Union* in the context of restitution and held that "[a] criminal fine and restitution are not synonymous[.]" 312 Mich App at 372. The *Corbin* Court further held that judicial fact-finding as to the amount owed does not implicate a defendant's Sixth Amendment right to a jury trial and noted that "[n]othing in *Lockridge* suggests that its reasoning encompasses restitution orders entered in conjunction with sentencing." *Id.* at 372–373, n 5.

In any event, this Court has consistently held that the purpose of restitution is not to punish criminal defendants. In *People v Allen*, 295 Mich App 277, 282; 813 NW2d 806 (2011), this Court held that "with the Crime Victims Right's Act, the Legislature plainly intended to shift the burden of losses arising from criminal conduct—as much as practicable—from crime victims to the perpetrators of the crimes; thus, it is remedial in character . . . ." See also *People v Fawaz*, 299 Mich App 55, 65; 829 NW2d 259 (2012). Similarly, in *Newton*, 257 Mich App at 68, this Court held that "[t]he purpose of restitution is to allow crime victims to recoup losses suffered as a result of criminal conduct." See also *People v Crigler*, 244 Mich App 420, 423; 625 NW2d

-12-

424 (2001).  In *People v Gubachy*, 272 Mich App at 713, this Court reiterated that the focus of restitution is not on the defendant's actions but rather on "what a victim lost because of the defendant's criminal activity."

Accordingly, because a restitution order is not a penalty, the Sixth Amendment protections recognized in *Apprendi* do not apply.  Therefore, defendant is not entitled to have the order of restitution vacated on this ground.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant lastly argues that his counsel was ineffective for failing to object to the imposition of the $500 fine and the order of restitution.

## A.  STANDARD OF REVIEW

Defendant did not move the trial court for a new trial on the grounds of ineffective assistance, or request an evidentiary hearing to develop that issue further; therefore, this issue is unpreserved.  See *People v Sabin* (*On Second Remand*), 242 Mich App 656, 658; 620 NW2d 19 (2000).

Where a defendant fails to request a *Ginther*[12] hearing or move for a new trial in the matter, this Court's "review of this issue is limited to mistakes apparent on the appellate record." *People v Davis*, 250 Mich App 357, 368; 649 NW2d 94 (2002).  "If the record does not contain sufficient detail to support defendant's ineffective assistance claim, then he has effectively waived the issue." *Id*.

## B.  ANALYSIS

Under the Sixth Amendment to the United States Constitution, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for his defence."[13]  The right to counsel plays a crucial role in the Sixth Amendment's guarantee of a fair trial by ensuring that the defendant has access to the "skill and knowledge" necessary to respond to the charges against him or her.  *Strickland v Washington*, 466 US 668, 685; 104 S Ct 2052; 80 L Ed 2d 674 (1984).  "The right to counsel also encompasses the right to the effective assistance of counsel." *People v Pubrat*, 451 Mich 589, 594; 548 NW2d 595 (1996).  See also *Strickland*, 466 US at 686.

*Under Strickland*, 466 US at 687, reversal of a conviction is required when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Accordingly, a defendant requesting reversal of an otherwise valid conviction bears the burden of proving that "(1) the performance of his counsel

---

[12] *People v Ginther*, 390 Mich 436, 443-444; 212 NW2d 922 (1973).

[13] See also Const 1963, art 1, § 20.  Our state constitution's guarantee of the right to counsel is coextensive with that guaranteed by the Sixth Amendment.  *People v Pickens*, 446 Mich 298, 302; 521 NW2d 797 (1994).

was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000).

To prove the first prong, "[t]he defendant must overcome a strong presumption that counsel's assistance constituted sound trial strategy." *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). "This Court does not second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). Moreover, counsel is not ineffective for failing to make a futile motion. *Sabin*, 242 Mich App at 660.

Regarding the $500 fine, defendant's conviction carried with it a maximum penalty of $25,000 and the plea agreement dismissed two misdemeanor charges while recommending sentencing at the guidelines minimum. Because defendant's only option at sentencing was to withdraw his plea entirely and thereby forego the benefits thereunder, defense counsel appears to have utilized sound trial strategy by not counseling defendant to withdraw his plea. Further, because defendant has not shown that the trial court erred by ordering him to pay restitution, any motion defense counsel could have made with regard to that order would have been futile. Therefore, defendant's trial counsel was not constitutionally deficient.

The $500 fine is vacated. We remand this matter for the trial court to correct the judgment of sentence by deleting the $500 fine. In all other respects, the court's order of restitution is affirmed. We do not retain jurisdiction.

/s/ Cynthia Diane Stephens
/s/ Michael J. Kelly
/s/ Colleen A. O'Brien